W. S. SWEETING, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

### Opinion Filed March 31, 1914.

An information, based on Section 3304 of the General Statutes of Florida, which charges the defendant with the crime of buy-

ing, receiving and aiding in the concealment of certain described property is fatally defective if it fails to allege that such property was stolen property; and it is reversible error to deny a motion to quash such information.

Writ of Error to Criminal Court of Record for Dade County; H. F. Atkinson, Judge.

Judgment reversed.

*L. R. Railey,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, C. J.—W. S. Sweeting was tried and convicted upon the following information:

"James T. Sanders, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that W. S. Sweeting, laborer, late of the county of Dade and State of Florida, on the 16th day of February, in the year of our Lord, One thousand nine hundred and thirteen, in the County and State aforesaid—

Did then and there buy, receive and aid in the concealment of certain property, to-wit: thirty domestic fowls, commonly called chickens, and of the value of One Dollar each, he the said W. S. Sweeting, at the time of so buying, receiving and concealing the said domestic fowls, commonly called chickens, well knowing the same to have been stolen, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

The defendant filed a motion to quash the information, which was denied and this ruling forms the basis for

the first assignment. We are of the opinion that this error is well assigned. The information is based on Section 3304 of the General Statutes of Florida, which reads as follows:

"Whoever buys, receives or aids in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be punished by imprisonment in the State prison not exceeding five years or by fine not exceeding five hundred dollars."

This Section constituted Section 2451 of the Revised Statutes of Florida, which was construed in Anderson v. State, 38 Florida, 3, 20 South. Rep. 765. The information in the instant case is fatally defective for the reasons pointed out in the cited case. There is no occasion for us to repeat what was said therein. It is sufficient to say that the information fails to allege that the goods were stolen goods.

Judgment reversed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.

COCKRELL, J., *Concurring.*—If I felt free to decide the sufficiency of the information as an original proposition, I would vote to uphold it, but in view of the fact that the Legislature in enacting the General Statutes has re-enacted the former statute with specific reference to the Anderson case, construing a similar indictment insufficient, I am not at liberty to overrule that case. WHITFIELD J., concurs with me.