## GROCK v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted February 6, 1923.
Decided May 7, 1923.)

No. 3897.

1. **Criminal law ⬅═655(5),—Counsel for accused has right to treatment not prejudicial to client.**

An attorney at law, appearing in open court in the trial of a criminal case, is entitled to such treatment from the court that the interests of his client may not be prejudiced, as a matter not of indulgence, but of right.

2. **Criminal law ⬅═1120(9)—Exclusion of document for improper authentication held not reviewable.**

Where a record of defendant's commitment to an asylum in another state was objected to on the ground it was not properly authenticated, and excluded by the court, the ruling cannot be reviewed, if the document was not incorporated in the bill of exceptions.

3. **Criminal law ⬅═1120(9)—Court's ruling held not finding document was properly authenticated.**

Where the admission in evidence of a copy of the commitment of accused to an asylum in another state was objected to on the ground that it was not properly authenticated, a statement by the court in excluding it, that he did not think it was admissible anyhow, was not equivalent to a finding that the paper in fact was properly authenticated, so as to permit review of the ruling, in the absence of the document from the bill of exceptions.

4. **Homicide ⬅═169(2)—Evidence that defendant had called at victim's home held competent to show calculation.**

In a prosecution for assault to kill, where the defense was insanity, testimony that defendant had called at the home of his victim on the morning in question was competent to show purpose and calculation on his part.

5. **Homicide ⬅═174(2)—Evidence as to wound is admissible to corroborate testimony of assault.**

In a prosecution for assault with intent to kill, testimony of a physician, who examined the victim's wound, is competent to corroborate the averment that the victim had been assaulted.

6. **Homicide ⬅═294(1)—Charge in prosecution for assault to kill, in which defense was insanity, held correct.**

In a prosecution for an assault with intent to kill, where the defense was insanity, a charge, which in substance told the jury not to convict unless they were satisfied beyond a reasonable doubt that he had done the act charged against him in the indictment, and that he knew at the time the nature and quality of the act, and whether it was right or wrong, and that, if they had reasonable doubt about the sanity of the defendant, he should be acquitted, was correct.

7. **Criminal law ⬅═641(6)—Hearing new trial motion after withdrawal of one attorney for defendant held not error.**

Where defendant was represented by several attorneys, it was not error for the court to hear a motion for new trial and in arrest of judgment, and overrule it, immediately after leave was granted to one of defendant's counsel to withdraw from the case.

8. **Criminal law ⬅═878(2)—Indictment and information ⬅═129(1)—Joinder of counts for assault with dangerous weapon and assault with intent to kill is not error.**

The fact that the indictment contained a count for assault with a dangerous weapon and one for assault with intent to kill does not

⬅═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

show error in overruling a motion to quash the indictment on the ground of misjoinder, nor in receiving a general verdict of guilty on the indictment, or sentencing defendant thereunder.

Appeal from the Supreme Court of the District of Columbia.

Charles A. Grock was convicted of assault with a deadly weapon and of assault with intent to kill, and he appeals. Affirmed.

John Murphy and Alfred D. Smith, both of Washington, D. C., for appellant.

Peyton Gordon, of Washington, D. C., for the United States.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. Appeal from the Supreme Court of the District of Columbia. The appellant, then the defendant, was convicted under an indictment containing two counts. The first count charged him with feloniously assaulting Charles B. Henderson, with a dangerous weapon, to wit, a loaded pistol. The second count charged the same act as an assault with intent to kill. A motion for a new trial was overruled, and the defendant was sentenced. He now appeals to this court upon eighteen assignments of error. His counsel, however, have combined these into five groups for presentation to the court.

[1] The first assignments complain of the conduct of the trial court toward the defendant and his counsel in the presence of the jury, alleging that it tended to bring them into contempt and ridicule, and to prejudice them in the estimation of the jury. We think that these complaints are not without some support in the record. It is an important rule that an attorney at law appearing in open court in the trial of a case is entitled to such treatment from the court that the interests of his client may not be prejudiced. That is not a matter of indulgence, but of right. We will not, however, discuss in detail the incidents which counsel complain of, since we conclude upon an examination of the entire record that they do not justify a reversal herein. This group includes also an assignment relating to the trial court's orders to the defendant's counsel when making his opening statement to the jury. We think, however, that the orders in question were not beyond the discretion of the court.

[2, 3] The next assignments relate to the exclusion of certain testimony offered by the defendant. The ground of defense was insanity, and in support of it a document was offered in evidence, stated by counsel to be a formal commitment of the defendant to an asylum in Nevada in the year 1907. The prosecution objected to its admission upon the ground that it was too remote, also that the document was not properly authenticated in accordance with section 905 of the Revised Statutes (Comp. St. § 1519), and that there was no certificate of the judge certifying to the signature or seal of the clerk of the court. The court sustained the objection, saying, "I don't think it is admissible, anyhow." That ruling is assigned as error. The present record, however, does not enable us to pass upon the exception, since the

289 F.—35

document in question was not included within the bill of exceptions, and consequently is not before us. We cannot decide, in the absence of the document, whether or not it was subject to the objection made by the prosecution in relation to its authentication. It is true that the trial court did not exclude it upon that ground, but its ruling in that behalf was no more than equivalent to saying that it would be inadmissible even if properly authenticated. Such a statement does not imply a finding that the paper in fact was properly authenticated. The other assignments of this group, relating to the exclusion of testimony, do not disclose prejudicial error. The earlier business relations between defendant and the prosecuting witness were placed before the jury as far as competent, likewise the testimony of the experts upon insanity, together with proof of the detention of the defendant at the District Asylum for observation. The actual incarceration of the defendant in the Nevada asylum was also fully proven by the oral evidence in the case.

[4, 5] The next assignments relate to the testimony of a witness who was employed at the Henderson home, to the effect that the defendant had called there on the morning in question, also to the testimony of a physician who examined Henderson's wound after the occurrence. Defendant's counsel objected to this testimony, but it is clearly competent, first, to show purpose and calculation upon defendant's part; and second, to corroborate the averment that Henderson had been assaulted by proof of his physical condition immediately thereafter.

[6] The next assignments relate to the charge of the court, but we find no error in it. In substance and effect the court instructed the jury not to convict the defendant unless they were satisfied beyond a reasonable doubt that he had done the act charged against him in the indictment, and that he knew at the time the nature and quality of the act, and whether it was right or wrong. The court furthermore specifically charged that if the jury had a reasonable doubt about the sanity of the defendant, he should be acquitted. Certain instructions were requested by defendant's counsel, and were refused. We find, however, that they were fully covered by the general charge in so far as they were consistent with the law.

[7] Other assignments relate to an occurrence which took place in court when the motion for a new trial was argued. The record states the matter as follows:

"Whereupon at the hearing of said motion for new trial and arrest of judgment, the defendant discharged counsel at the trial table and argued the motion for a new trial. The court thereupon overruled the said motion and thereupon sentenced the defendant to the penitentiary for 10 years. Thereupon exception was duly noted and allowed."

This subject is not made very clear by the bill of exceptions, but we understand that it is the same transaction as that noted elsewhere in the record, when the defendant was represented by several counsel, and leave was granted to one of them to withdraw from the case, whereupon the motion for a new trial was argued and overruled, and excep-

tions were saved by the other counsel appearing for the defendant. We see no error in this.

[8] The briefs filed herein by the respective parties refer also to a motion to quash the indictment on the ground of misjoinder of counts therein. We have considered the arguments upon this subject, notwithstanding the fact that we are unable to find such a motion in the record. It appears therein that the defendant filed only a demurrer to the second count of the indictment, upon the ground that it was "bad in substance" in several specified particulars. This was overruled by the court. We find no error in the court's action in this respect, nor in receiving a general verdict of guilty upon the indictment, nor in sentencing the defendant thereunder. It should be noted that the court in its charge had fully instructed the jury concerning the several counts, and the forms of verdicts thereunder. The objections upon these grounds are overruled upon the authority of U. S. Rev. Stat. § 1024 (Comp. St. § 1690); Kleindienst v. United States, 48 App. D. C. 190, 198; Kidwell v. United States, 38 App. D. C. 566, 568; Pointer v. United States, 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208. As to the general verdict and the sentence imposed thereon, see Henry v. United States, 50 App. D. C. 366, 273 Fed. 330.

Affirmed.