## FOSTER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 16, 1925. Rehearing Denied March 9, 1925.)

No. 4440.

Receiving stolen goods ⬅7(1)—Indictment for transporting stolen motor vehicle need not allege means nor owner's name.

Under National Motor Vehicle Theft Act, § 3 (Comp. St. Ann. Supp. 1923, § 10418d), making it a criminal offense to transport or cause to be transported in interstate commerce a motor vehicle, knowing the same to have been stolen, the particular way or means by which the vehicle is carried, and the name of the owner or of the person from whom it was stolen, are not elements of the offense, and need not be alleged in an indictment.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Criminal prosecution by the United States against John C. Foster. Judgment and sentence on plea of guilty, and defendant brings error. Affirmed.

John C. Foster, in pro. per.

Joseph C. Burke, U. S. Atty. and Robert B. Camarillo and Eugene T. McCann, Asst. U. S. Attys., all of Los Angeles, Cal.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. To the indictment against the plaintiff in error he pleaded guilty, resulting in the judgment of the court sentencing him to imprisonment for the period of four years in the United States Penitentiary, at Leavenworth, Kan. From that judgment he brought the present writ of error, assigning as error the insufficiency of the indictment to charge a crime against him, for the reason that the indictment fails to state the name of the carrier or the methods used by him to transport the alleged stolen automobile from Los Angeles, Cal., to St. Joseph, Mo., and fails to state the name of the person from whom the automobile was stolen, or to allege that the name of such owner was unknown to the grand jury.

The indictment was based upon the National Motor Vehicle Theft Act (41 Stat. 324 [Comp. St. Ann. Supp. 1923, §§ 10418a –10418f]), the second section of which provides that the term "motor vehicle" shall include, among other things, an automobile, and also providing that the term "interstate or foreign commerce," as used in the act, shall include transportation from one state, territory, or the District of Columbia to another state, territory or the District of Columbia, or to a foreign country, or from a foreign country to any state, territory, or the District of Columbia, and also providing (in its third section) "that whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both."

The indictment charged that the defendant at a certain time and place within the jurisdiction of the court below, "did knowingly, unlawfully, and feloniously transport and cause to be transported a certain motor vehicle, to wit, a Lincoln sedan automobile, bearing motor No. 11580, in interstate commerce, to wit, from the city of Los Angeles, county of Los Angeles, * * * to the city of St. Joseph, in the state of Missouri, the said defendant then and there well knowing said motor vehicle as aforesaid to have been stolen, being then and there not property of the said defendant, nor did the said defendant then and there have the consent and permission of the owner of said motor vehicle to take, transport, and cause to be transported the said motor vehicle from said city of Los Angeles as aforesaid to the said city of St. Joseph, as aforesaid, in violation of the Motor Vehicle Theft Act of October 29, 1919."

A mere perusal of the statute discloses that neither the particular way or means by which the automobile was carried from the state of California to the state of Missouri, nor the name of its owner or of the person from whom it was stolen, is made any element of the crime defined. Therefore it was not necessary for the indictment to set forth any of those matters. It expressly and distinctly alleged every element entering into the offense and a specific description of the vehicle alleged to have been stolen.

The judgment is affirmed.