## JONES et al. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
April 13, 1927.

No. 7550.

**1. Receiving stolen goods ⟨⟩7(4)—Indictment for receiving stolen goods must allege theft, but need not state facts with particularity.**

In crimes relating to stolen property, such as receiving stolen goods and the like, while the fact that the goods were stolen is an essential element of the offense and must be alleged, the facts constituting the original theft need not be alleged with the particularity required in an indictment for such theft.

**2. Indictment and information ⟨⟩70—Indictment must directly and positively allege every fact essential to constitute the crime.**

It is a well-settled rule of criminal pleading that every essential fact necessary to constitute the crime sought to be charged should be alleged directly and positively, and that the omission of such an allegation cannot be supplied by implication or intendment.

**3. Receiving stolen goods ⟨⟩7(4)—Indictment for knowingly transporting stolen motor vehicle must allege fact of theft (National Motor Vehicle Theft Act, § 3 [Comp. St. § 10418d]).**

That a motor vehicle had been stolen is an essential element of the offense of knowingly

transporting it in interstate commerce, under National Motor Vehicle Theft Act, § 3 (Comp. St. § 10418d), which must be alleged in an indictment therefor, and it is not sufficient to allege the fact inferentially, as that defendants well knew that the vehicle had been stolen.

In Error to the District Court of the United States for the Western District of Missouri; Merrill E. Otis, Judge.

Criminal prosecution by the United States against Robert Jones and Kenneth Jones. Judgment of conviction, and defendants bring error. Reversed and remanded, with instructions.

Bert S. Kimbrell, of Kansas City, Mo. (Walter W. Calvin and Clarence Wofford, both of Kansas City, Mo., on the brief), for plaintiffs in error.

S. M. Carmean, Asst. U. S. Atty., of Kansas City, Mo. (Roscoe C. Patterson, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before LEWIS and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. Robert Jones and Kenneth Jones were indicted, tried, convicted, and sentenced for a violation of section 3 of the National Motor Vehicle Theft Act. 41 Stat. 325, U. S. Comp. St. Supp. 1923, § 10418d. The charging part of the indictment reads as follows:

"That on or about the 12th day of July, 1924, at Kansas City, Jackson county, Missouri, in the Western division of the Western district of Missouri, * * * one Robert Jones, one Kenneth Jones, and one Joseph W. Wagner, then and there being, did then and there unlawfully, willfully, knowingly, and feloniously, and in violation of the National Motor Vehicle Theft Act, transport and cause to be transported in interstate commerce a certain motor vehicle, to wit, one Cadillac touring automobile, model 61, motor number 61–S–713, from Kansas City, Jackson county, Missouri, to Omaha, in the state of Nebraska, said motor vehicle being the property of one H. A. Fratcher, of Kansas City, Missouri, he, the said Robert Jones, he, the said Kenneth Jones, and he, the said Joseph W. Wagner, then and there well knowing the said motor vehicle to have been stolen."

The defendants interposed a demurrer to the indictment upon the ground among others, that it failed to allege that the motor vehicle had been stolen. The demurrer was overruled, and this action of the trial court is assigned as error.

The four essential elements of the crime sought to be charged by the indictment are: (1) That the automobile had been stolen; (2) that the defendants transported it in interstate commerce; (3) that they knew it had been stolen at the time of such transportation; and (4) that they transported it malo animo, or with dishonest intent. 34 Cyc. 515.

[1] In crimes involving stolen property, such as the one here charged, receiving stolen goods, and the like, while the fact that the goods have been stolen is an essential element of the offense, and must be alleged, it is not necessary to allege the facts constituting the original theft with the particularity that would be required in a prosecution for such theft. Semon v. State, 158 Ind. 55, 62 N. E. 625, 626; Abraham v. U. S. (C. C. A. 8) 15 F.(2d) 911; 34 Cyc. 520. In Abraham v. U. S., supra, it was held sufficient to charge the original theft by way of recital in this language: "Which [referring to the automobile] had theretofore been stolen from Joe Abraham, the owner thereof, at Bristow, Okl."

Counsel for the government urge that this essential element of the offense is sufficiently charged in the indictment in the instant case by the language "he, the said Robert Jones, he, the said Kenneth Jones, * * * then and there well knowing the said motor vehicle to have been stolen." This contention finds support in the following authorities: Whitaker v. U. S. (C. C. A. 9) 5 F.(2d) 546; Foster v. U. S. (C. C. A. 9) 4 F.(2d) 107; Jolly v. Commonwealth, 136 Va. 756, 118 S. E. 109; State v. Martin, 94 Wash. 313, 162 P. 356; People v. Gough, 2 Utah, 70.

[2] It is a well-settled rule of criminal pleading that every essential fact necessary to constitute the crime sought to be charged, should be alleged directly and positively, and that the omission of such a fact cannot be supplied by implication or intendment. Pettibone v. U. S., 148 U. S. 197, 202, 13 S. Ct. 542, 37 L. Ed. 419; Bartlett v. U. S. (C. C. A. 9) 106 F. 884, 885; Brenner v. U. S. (C. C. A. 2) 287 F. 636, 639; U. S. v. Philadelphia & R. Ry. Co. (D. C. Pa.) 232 F. 953, 955; U. S. v. Louisville & N. R. Co. (D. C. Ky.) 165 F. 936, 938; 31 C. J., p. 659, § 179.

In Pettibone v. U. S., supra, the Supreme Court said: "The general rule in reference to an indictment is that all the material facts and circumstances embraced in the definition of the offense must be stated, and that, if any essential element of the crime is omitted, such omission cannot be supplied by intendment or implication. The charge must be made directly and not inferentially or by way of recital."

[3] It is clear that the indictment in the instant case contains no direct and positive allegation that the automobile had been stolen, nor does it charge it by way of recital, as in U. S. v. Abraham, supra. The allegation in the indictment of knowledge by the defendants of the character of the automobile does not charge that it had been stolen, but rather assumes such fact, and alleges knowledge of the assumed fact. The most that can be said for the language relied upon by counsel for the government is that it alleges by way of inference or implication that the motor vehicle had been stolen. In State v. Martin, supra, where the court held substantially the same language a sufficient allegation that the property had been stolen, it said: "It will be seen that it is inferentially * * * alleged that the property was stolen." Although the allegation of the original theft in Abraham v. U. S., supra, was subject to the criticism that it was made by way of recital, this court held it sufficient. We are now asked to go one step further, and supply by inference a material fact not otherwise alleged. This, in our judgment, would extend the present tendency toward liberality in criminal pleading too far, and should not be done.

Substantially the same question came before the Supreme Court of Florida in the case of Anderson v. State, 38 Fla. 3, 20 So. 765. The offense sought to be charged was receiving stolen goods, which under the statutes of Florida is a substantive offense. In passing on the sufficiency of the indictment, the court said:

"The information wholly fails to charge any offense against the defendants, in this: It contains no allegation in the count upon which conviction was had that the goods which the defendants are charged with receiving, etc., were stolen goods. It simply charges that the defendants 'did have, receive and aid in the concealment of' certain goods, 'of the value of ninety-seven dollars, the property of one B. M. Baer.' It is true that, in that part of the information which charges a guilty knowledge upon the defendants, it is alleged that they received them, 'well knowing that said property had before that been taken, stolen, and carried away, contrary to the form of the statute,' etc. From this allegation we might infer that the property was stolen property. This looseness in a criminal pleading is too great to permit us to sanction the same. The fact that the goods received by the defendants were stolen property was an essential element of the offense with which they were charged. In order to justify a conviction, it must be directly alleged. It must not be left to inference or presumption from other facts which are stated. We cannot supply by inference or conjecture a material fact which should be alleged and proven. Moulie v. State, 37 Fla. 321, 20 So. 554."

See, also, Sweeting v. State, 67 Fla. 290, 64 So. 946.

We therefore conclude that the court erred in overruling the demurrer to the indictment, and the judgment is therefore reversed, and the cause remanded, with instructions to dismiss the indictment and discharge the defendants.