## HEGLIN v. UNITED STATES.*

Circuit Court of Appeals, Eighth Circuit. May 31, 1928.

No. 7961.

1. Automobiles ⬅351—Indictment for violating National Motor Vehicle Theft Act held sufficient (18 USCA § 408).

Indictment for violating National Motor Vehicle Theft Act (18 USCA § 408) held not insufficient, as against contention that time of theft was not alleged, statement that it was in interstate commerce was a conclusion, and that there was no allegation that transportation was not without knowledge or consent of owner, where indictment charged that various automobiles had been stolen from owners and transported in interstate commerce.

2. Criminal law ⬅845—Objection to instruction, "We except on behalf of the defendant," held insufficient to raise question of failure to instruct on accomplice testimony (National Motor Vehicle Theft Act [18 USCA § 408]).

In prosecution for violating National Motor Vehicle Theft Act (18 USCA § 408), in which defendant made no request for instructions, ob-

*Rehearing denied October 14, 1928.

jection to instruction, "We except on behalf of the defendant," held insufficient to raise question of failure to instruct as to testimony of accomplice.

3. Criminal law ⬅780(3)—Instruction as to accomplice testimony held proper (National Motor Vehicle Theft Act [18 USCA § 408]).

In prosecution for violating National Motor Vehicle Theft Act (18 USCA § 408), instruction as to testimony of accomplice held proper, where court followed rule that convictions may be had on testimony of accomplices, but jurors should be cautioned against too much reliance thereon.

4. Criminal law ⬅1129(6)—Assignment that court erred in admitting incompetent evidence of other offenses held insufficient to raise any question as to alleged incompetent evidence.

Assignment that court erred in admitting incompetent evidence, in that evidence of other offenses was permitted over objections, and purpose for which such evidence was admitted was not limited as by law required, held not sufficient to raise question as to alleged incompetent evidence.

5. Criminal law ⬅1169(11)—In prosecution for violating National Motor Vehicle Theft Act, admission of evidence of other offenses held not reversible error (18 USCA § 408; 28 USCA § 391).

Admission of evidence of other offenses in prosecution under National Motor Vehicle Theft Act (18 USCA § 408) held not reversible error, under 28 USCA § 391, where some evidence was not objected to, some brought out in direct examination of defendant and cross-examination of another witness, evidence related to harness stealing and car stealing, which were to some extent part of general scheme of receiving stolen property, jury was cautioned as to evidence, and evidence of guilt was overwhelming.

6. Criminal law ⬅371(1)—Generally evidence of disconnected and disassociated offenses is inadmissible, except to show intent.

As general rule, evidence of disconnected and disassociated offenses, except to show intent, is not admissible, where party is on trial for particular offense as charged in indictment.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

George Heglin was convicted of violating the National Motor Vehicle Theft Act (18 USCA § 408), and he brings error. Affirmed.

D. W. Buckner, of Gate, Okl. (J. T. Rogers, of Wichita, Kan., on the brief), for plaintiff in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Leslie E. Salter, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for defendant in error.

Before KENYON, Circuit Judge, and SYMES and MARTINEAU, District Judges.

KENYON, Circuit Judge. Plaintiff in error was convicted in the United States District Court for the Western District of Oklahoma on four counts of an indictment charging a violation of what is known as the National Motor Vehicle Theft Act. Section 408, title 18, USCA. The particular provision of said statute claimed to be violated is the following:

"Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both. Whoever shall receive, conceal, store, barter, sell, or dispose of any motor vehicle, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both. Any person violating this section may be punished in any district in or through which such motor vehicle has been transported or removed by such offender."

The first, second, and third counts of the indictment charge that plaintiff in error knowingly, willfully, unlawfully and feloniously received, concealed, stored, bartered, sold, and disposed of a certain motor vehicle, to wit, etc., which had theretofore been stolen in the state of Kansas and transported into the western district of Oklahoma, and that the same was then moving in and was a part of interstate commerce, and that plaintiff in error knew said motor vehicle was stolen. Each one of the counts is practically the same, except as to the ownership of the specified car stolen. The fourth count charged the unlawful and felonious transportation from Gate, Okl., to Dodge City, Kan., of the car named in the third count.

The court imposed a sentence of five years and a fine of $250 on each count, sentences to run concurrently.

[1] The first assignment of error relates to the overruling by the court of the demurrer to the indictment, it being claimed that the indictment is insufficient to charge any offense against the laws of the United States, the particular reasons advanced being that the respective counts contain no allegation of the time when the automobile therein described was stolen; that the statement that the same was in interstate commerce is a mere conclusion, and that there is no statement in the indictment that the transportation was without the knowledge or consent of the owner. It would seem these objections to the indictment are rather trivial. As the indictment charges the various automobiles had been stolen from the owners and transported in interstate commerce, there was no necessity for any statement as to the knowledge or consent of the owner as to such transportation, nor is it necessary to state any particular time in the counts of the indictment as to when the particular automobile therein referred to was stolen. This indictment fully meets the test laid down by this court in Goldberg v. United States, 277 F. 211, 215, as follows: "The true test of the sufficiency of an indictment is that it sets forth the facts which the pleader claims constitute the alleged transgression so distinctly as to advise the accused of the charge which he has to meet and give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same offense, and so clearly that the court may be able to determine whether the facts there stated are sufficient to support a conviction."

[2-3] Assignments of error 3 and 4 raise the question of error in the court's failing to instruct the jury as to the testimony of an accomplice, Carl Fred Wood. It is to be observed that no requests for instructions were made by plaintiff in error, and the only exceptions to the instructions were as follows: "Mr. Buckner: We except on behalf of the defendant." Of course, this exception is totally insufficient to raise the question here suggested. We may say, however, that the rule as to accomplices as laid down by the Supreme Court in Caminetti v. United States, 242 U. S. 470, 495, 37 S. Ct. 192, 198 (61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168), that there may be convictions on the testimony of accomplices if the jurors believe them, but it is "the better practice for courts to caution juries against too much reliance upon the testimony of accomplices and to require corroborating testimony before giving credence to such evidence," was carefully followed by the learned trial court, as is apparent from the following excerpt from the instructions:

"The rule on that subject is, and I instruct you that is the law for your guidance, that you should consider the testimony of that witness cautiously, and consider whether he is corroborated by the facts and circumstances in the case, looking especially to the facts and circumstances to see whether you are aided thereby in judging his testimony. Yet, notwithstanding his connection with these transactions which are charged, if you

believe he has come here and testified truthfully, and given you the facts as they occurred, then you will credit his testimony and give it the weight to which it is entitled in this case. But if you think he is discredited by his connection with the transactions, or is unworthy of belief, it will be your duty to reject his testimony and disregard it altogether. I say it is important for you to consider and take into account any facts and circumstances which are proved in the case as tending to aid you in putting your estimate upon his testimony."

It is clear that plaintiff in error has nothing legitimately to complain of in this instruction of the court, and that the whole question was carefully covered.

[4, 5] Assignment of error 2 is as follows: "That the court erred in admitting incompetent evidence in this: That the evidence of other offenses were permitted to go to the jury over the objections of this defendant, and the purpose for which the said evidence was admitted, was not limited as by law required." Under the rules of this court this assignment is not sufficient to raise any question as to the alleged incompetent evidence. Bandy v. United States (C. C. A.) 245 F. 98. We have however carefully examined the record on this question, notwithstanding the lack of proper assignment of error.

Plaintiff in error lived on a ranch in the Panhandle country in Oklahoma. That is a narrow strip of territory at the western extremity of Oklahoma, lying between southern Kansas and northern Texas. His ranch seems to have been a rendezvous and fence for harness and automobile thieves. The testimony discloses that he had dealings involving stolen harnesses as well as stolen automobiles. Some of these transactions were evidently part of the general plan and scheme in which he was engaged. The court permitted evidence to be introduced, some of it over the objection of plaintiff in error as to the finding of stolen harnesses on his ranch. Some of this evidence was drawn out on the direct examination of plaintiff in error and some upon the cross-examination of Wood by plaintiff in error's counsel. Other of this evidence slipped into the case, not objected to, while as to some of it proper objection was made. It is the theory of the government that the other offenses appearing in the record are so related and connected with the main offenses as to throw material light thereon, and that they were all part of a general plan and scheme.

[6] The rule as to the introduction of evidence of other offenses is stated by this court in Grantello v. United States, 3 F.(2d) 117, as follows: "It is neither competent, fair, nor just to a defendant to receive evidence against him of like offenses to those charged in the indictment under which he is on trial, where no question of his intent is in issue, and no connection between such offenses and those charged is proved." In Cook v. United States, 14 F.(2d) 833, 834, this court said: "That evidence may not be admitted of other alleged crimes not related to the offense under trial, except where intent is an essential ingredient, or the subject of inquiry is so related to the main offense as to throw material light thereon." See, also, Colt v. United States (C. C. A.) 190 F. 305. Of course as a general rule evidence of other disconnected and disassociated offenses, except to show intent, is not admissible where a party is on trial for a particular offense as charged in an indictment. Such crimes are collateral to the main issue. The court evidently attempted by various and numerous cautions to the jury to emphasize the legal rule.

For instance, at one time the court said to the jury: "It is never competent to prove one offense as tending to establish another. That is the general rule. A man is entitled to be tried on the charge preferred against him in the indictment and to have his guilt or innocence declared on that charge. That is fundamental. However, it is competent to prove that the charge under investigation by the jury is one of a general scheme or series of offenses, and the others are brought in simply to show that the charge being heard by the jury may be established. In that way, other offenses of offending may be received. Of course, if that claim is not made out, if it is not one of the series or part of the general scheme, then this other evidence about other cars will be disregarded by the jury. There is another rule that the intent and knowledge of a defendant may be established by evidence of other transactions."

At other times throughout the case the court instructed the jury as to the limitations upon such testimony, and the manner in which it could be considered by them, and what force it would have. It is difficult to determine from this record whether or not all of the evidence as to stolen harnesses found on the premises is related to the general plan and scheme of plaintiff in error to harbor stolen automobiles. We think some of the evidence as to stolen harnesses should not have been admitted. The persistence of counsel for the government in attempting to get this evidence before the jury has

raised the only serious question in the case. Zeal in prosecution is, of course, commendable; but it is the duty of the prosecuting attorney to assist the court in giving a defendant a fair trial. In view of the fact that some of the evidence as to the stolen harnesses was not objected to, that some of it was brought out in the direct examination of plaintiff in error and in the cross-examination of witness Wood, that the harness stealing and car stealing were to some extent interwoven and intertwined, and part of a general scheme and plan of receiving stolen property, knowing it was stolen, and in view of the numerous cautions given by the court to the jury as to this evidence, and, further, the overwhelming evidence of the guilt of plaintiff in error, we have concluded that this is a proper case for the application of section 269 of the Judicial Code (section 391, title 28, USCA) Lewis et al. v. United States (C. C. A.) 11 F.(2d) 745; Cook v. United States (C. C. A.) 14 F.(2d) 833. Whatever errors there may have been in the introduction of evidence did not affect the substantial rights of plaintiff in error.

The judgment is affirmed.