## WENDELL et al. v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
July 22, 1929.

No. 2881.

Emil T. Mallek and George W. Cameron, both of Baltimore, Md. (R. Palmer Ingram and Helen Elizabeth Brown, both of Baltimore, Md., on the brief), for appellants.

A. W. W. Woodcock, U. S. Atty., of Baltimore, Md.

Before PARKER and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

PARKER, Circuit Judge. Samuel Wendell, Royal Leikin, and Moe Lieberman, hereinafter referred to as defendants, were convicted in the court below of violation of section 4 of the National Motor Vehicle Theft Act of October 29, 1919, 41 Stat. 324 (18 USCA § 408), and, from sentence thereon, they have appealed to this court. The only question raised by their appeal which merits discussion is one as to the sufficiency of the indictment.

The indictment charges that the defendants did "feloniously receive and conceal" a certain Buick automobile, "moving as, and which is a part of, and which constitutes interstate commerce, * * * knowing the same to have been stolen." It is claimed that the indictment is insufficient because it does not contain a direct averment that the automobile was in fact stolen. It is to be observed, however, that it charges the crime in the exact language of the statute, which provides:

"Sec. 4. That whoever shall receive, conceal, store, barter, sell, or dispose of any motor vehicle, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both."

In the federal courts the rule is well settled that ordinarily it is sufficient to charge a crime in the language of the statute defining it. Ledbetter v. U. S., 170 U. S. 606, 612, 18 S. Ct. 774, 42 L. Ed. 1162; Pounds v. U. S., 171 U. S. 35, 38, 18 S. Ct. 729, 43 L. Ed. 62. And it is expressly provided by federal statute that "no indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." Rev. St. § 1025 (18 USCA § 556).

"The object of the indictment," said Mr. Justice Field in U. S. v. Hess, 124 U. S. 483, 487, 8 S. Ct. 571, 574 (31 L. Ed. 516), "is—First, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had."

And, as said by the late Judge Sanborn in Goldberg v. U. S. (C. C. A. 8th) 277 F. 211, 215: "The true test of the sufficiency of an indictment is that it sets forth the facts which the pleader claims constitute the alleged transgression so distinctly as to advise the accused of the charge which he has to meet and give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same offense, and so clearly that the court may be able to determine whether the facts there stated are sufficient to support a conviction."

This court, speaking through the late Judge Rose, in Martin v. U. S., 299 F. 287, 288, said: "The sufficiency of a criminal pleading should be determined by practical, as distinguished from purely technical, considerations. Does it, under all the circumstances of the case, tell the defendant all that he needs to know for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good."

In the light of these authorities and of the statutory provision above quoted, there can be no doubt of the sufficiency of the indictment here. It is true that it is not charged in so many words that the automobile was stolen, but the statute does not require in so many words that it be stolen. It is a necessary inference from the statute, however, that the automobile must have been stolen for the receiving, concealing, etc., thereby denounced to constitute a crime; and it is likewise a necessary inference from the language of the indictment that the automobile here in question had been stolen. If the language of the statute be held sufficient to define an element of the crime, the same language in the indict-

ment must be held sufficient as a charge thereof. It is charged that the defendant knew that the car had been stolen. He certainly could not have known this unless it had been stolen. Jolly v. Commonwealth, 136 Va. 756, 118 S. E. 109; State v. Druxinman, 34 Wash. 257, 75 P. 814.

The case of Whitaker v. U. S. (C. C. A. 9th) 5 F.(2d) 546, is directly in point, and supports the sufficiency of the indictment here. In that case the charge was that the defendants received a certain motor vehicle, "well knowing the said motor vehicle to have been stolen." The court, speaking through Judge Gilbert, said: "The contention that the indictment was insufficient, in that it failed to allege the ownership of the motor vehicle or the value thereof and contained no direct averment that the vehicle was stolen, is answered by the recent decision of this court in the case of Foster v. United States, 4 F.(2d) 107, where it was held that such matters need not be set forth in the indictment; that the indictment is sufficient if it expressly and distinctly alleges every element entering into the offense as set forth in the statute and contains a specific description of the vehicle alleged to have been stolen." See, also, Heglin v. U. S. (C. C. A. 8th) 27 F.(2d) 310.

We have not overlooked the case of Jones v. U. S. (C. C. A. 8th) 19 F.(2d) 316, which supports the position of defendants; but the doctrine of that case seems not in harmony with the later case of Heglin v. U. S., supra, decided by the Circuit Court of Appeals of the same circuit, and certainly it is not in harmony with what we conceive to be the modern rule as prescribed by section 1025 of the Revised Statutes and as laid down in the decisions from which we have quoted above. An indictment which charges a defendant with receiving or concealing a particular automobile transported in interstate commerce, knowing it to have been stolen, sets forth the facts of the alleged crime so distinctly as to advise accused of the charge which he has to meet and give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same offense, and so clearly that the court may determine without difficulty that the facts stated are sufficient to support a conviction. Failing to allege that the automobile was in fact stolen when it is alleged that the defendants on receiving it knew it to have been stolen can be nothing more than a defect of form which could not possibly tend to their prejudice, and clearly falls within the provisions of the statute.

The other exceptions are without merit. The evidence was amply sufficient to warrant the conclusion that Wendell received the stolen automobile immediately upon its reaching Baltimore, that he endeavored to conceal it by having the title registered with an appearance of regularity and that he was aided and abetted in his efforts by his codefendants Leikin and Lieberman. Exception was taken to the proof of statements made by the defendants shortly after their arrest and to statements made in their presence and their replies thereto. It appears, however, that these statements were made voluntarily and not as the result of compulsion exerted upon defendants or of promises made to them. In such case, it is elementary that they were admissible. After a careful examination of the entire record, we are satisfied that there was no error, and that the judgment of the District Court should be affirmed.

Affirmed.