## CALLAHAN et al. v. UNITED STATES.

Circuit Court of Appeals, Tenth Circuit.
October 29, 1929.

No. 95.

Lee Bond, of Leavenworth, Kan. (John W. Wood, of Wichita, Kan., on the brief), for appellants.

A. H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al F. Williams, U. S. Atty., and Marlin S. Casey, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for the United States.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge. John Callahan and Cecil Armendarez appeal from a sentence against them and Ed Martin, under the second count of an indictment, which charged them with a conspiracy to sell to Goldie Davis morphine not in or from an original stamped package, the overt acts alleged being that on February 12, 1928, at Wichita, Kan., Martin made the sale to her, and the appellants aided and abetted him in making it. The three defendants were also convicted under the first count of the indictment, which charged them with making that sale.

They filed a motion for a new trial, which was overruled. They also filed a motion in arrest of judgment, specifying that the two offenses were the same, that an offense was not charged in either count, and that in the second count they were twice put in jeopardy

for the same offense. The motion was sustained as to the first count and overruled as to the second count.

Counsel for appellants concede here that a conspiracy and an overt act that is a completed offense are distinct offenses, and a conviction is justified for both, but insist it is not justified for the former, if there is an acquittal of the latter, and they complain that the second, the conspiracy count, put the defendants twice in jeopardy. This is on the theory that the arrest of judgment on the first count of this indictment was equivalent to an acquittal for insufficient evidence. But it is a misconception, as the motion in arrest was addressed only to matters appearing on the face of the record, and not to the evidence adduced at the trial. When the motion was sustained and the conviction annulled as to the first count, there was no jeopardy under that count and no bar to a subsequent indictment. Bishop, New Crim. Proc. (4th Ed.) vol. 1, §§ 1285, 1288. The force of the order was the same as if that count had failed before trial. There was therefore no inconsistency in sustaining the conviction and imposing sentence on the second count, and that action is not a ground for reversal because the judgment was arrested on the first count. Furthermore, a defense of former jeopardy must be raised before trial, is waived by a plea of not guilty, and is not a ground of a motion in arrest of judgment. Brady v. United States (C. C. A.) 24 F.(2d) 399.

Error is predicated on the refusal of the court to allow a withdrawal of the plea of not guilty in order to file a demurrer to the indictment. This was a matter of discretion, especially when delayed as in this case until it was called for trial. Besides, counsel admitted the demurrer was without merit, and no exception was saved to the action of the court.

When the foregoing admission was made, the court said to counsel:

"That is one reason why you should not be entitled to practice in this court. I certainly won't open it up. Sometime, some place, you took an oath. When you say you want to file a demurrer that you say yourself is not true, you are violating that oath."

It is unnecessary to consider whether this language was justified, as no exception was saved to it for review by this court. No prejudice to the defendants was shown, as the remarks were made wholly to counsel, a jury had not been called, and it does not appear that any of the trial jurors even heard the remarks or could have been influenced by them to any extent. The cases of Allen v. United States (C. C. A.) 115 F. 3, and Grock v. United States, 53 App. D. C. 146, 289 F. 544, on which appellants rely, therefore have no application.

Nor does the holding in Adler v. United States (C. C. A.) 182 F. 464, also cited, sustain the alleged error that there was a prejudicial inquiry of the witnesses by the court. We fail to find that the questions asked by the court were sufficient to indicate any opinion relative to the guilt or innocence of the accused. The contention that the court unduly limited the examination of witnesses is also without merit. The purpose was obviously to avert unnecessary repetition and to confine the inquiry to relevant matters. We think the rulings were well within the proper discretion of the court. In any event, we are convinced the guilt of the defendants was clear, and their substantial rights were not adversely affected. Heglin v. United States (C. C. A.) 27 F.(2d) 310.

Affirmed.