## ROBERTSON v. UNITED STATES.
### No. 12266.

Circuit Court of Appeals, Fifth Circuit.
June 4, 1948.

Mahlon L. Walters, of Jefferson, Tex., for appellant.

Steve M. King, U. S. Atty., and James T. Wright, Asst. U. S. Atty., both of Beaumont, Tex., for appellee.

Before SIBLEY, HOLMES, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

The appellant was tried, convicted, and sentenced to imprisonment upon an indictment charging that he transported in interstate commerce a certain automobile knowing the same to have been stolen. A motion was duly made to dismiss the indictment because it failed to allege that the vehicle was in fact a stolen car. The court below overruled the motion.

The indictment is in the language of the statute,[1] which ordinarily is sufficient; but where the statute itself omits an essential element of the offense or includes it only by implication, the indictment nevertheless should allege it directly and with certainty. As has been well said, legislation may proceed by implication but good pleading may not.

In the instant case the statute makes it a crime to transport in interstate commerce a motor vehicle "knowing the same to have been stolen". While not expressly requiring it, the implication is irresistible that the vehicle must have been stolen. Therefore, the statute implies an essential ingredient of the offense that must be proven; and since it must be proven, good pleading requires that it should be alleged. This is probably the reason that the Supreme Court promulgated form No. 6 as an appendix to the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687.[2]

The defendant, however, was sufficiently informed of the nature and cause of the accusation against him, since every essential element of the offense was alleged either expressly or by necessary implication; and the omission of a direct allegation that he had transported a stolen vehicle was a defect of form only, which did not tend to the prejudice of the accused.[3] Such defect was cured by the verdict under 18 U.S.C.A. § 556, and must be disregarded by this court under 28 U.S.C.A. § 391. The judgment appealed from is

Affirmed.

[1] 18 U.S.C.A. § 408.

[2] "UNITED STATES OF AMERICA
v.
JOHN DOE
}
No. ........
(18 U.S.C.A. § 408)

The Grand jury charges:
On or about the ...... day of ........, 19...., John Doe transported a stolen motor vehicle from .............., State of .............., to .............., State of .............., in .............. District of .............., and he then knew the motor vehicle to have been stolen.

A True Bill,

........................,
Foreman.

........................,
United States Attorney."

[3] Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419; Melanson v. United States, 5 Cir., 256 F. 783; Grandi v. United States, 6 Cir., 262 F. 123; Foster v. United States, 9 Cir., 4 F.2d 107; Whitaker v. United States, 9 Cir., 5 F.2d 546, certiorari denied, 269 U. S. 569, 46 S.Ct. 25, 70 L.Ed. 416; Abraham v. United States, 10 Cir., 15 F.2d 911; Heglin v. United States, 10 Cir., 27 F.2d 310; Wendell v. United States, 4 Cir., 34 F.2d 92, 94.