## In re CAROLINA COOPERAGE CO.

(District Court, E. D. North Carolina. September 14, 1899.)

1. BANKRUPTCY—COSTS—INTERVENTION.

Under Bankruptcy Act·1898, § 2, subsec. 18, providing that courts of bankruptcy may "tax costs, whenever they are allowed by law, and render judgments therefor against the unsuccessful party, in proceedings in bankruptcy," where a petition in involuntary bankruptcy is filed against a corporation, and· an execution creditor intervenes, and opposes the adjudication, denying the insolvency of the respondent, but his contention fails, and the adjudication is made, the costs of the proceeding, in so far as the same were rendered necessary by his opposition, may be taxed against such intervener.

2. SAME—WITNESS FEES.

A petition in involuntary bankruptcy being filed against a corporation, one of its creditors, who had levied an execution on its property, intervened, and contested the petition, on the ground that the corporation was not insolvent, and claimed a prior lien on the property. These issues were determined against him, and the adjudication was made. *Held*, that the fees of the witnesses summoned by him should be taxed as costs against him, and also the fees of any witnesses summoned by the petitioning creditors, whose examination would not have been necessary but for the intervention.

3. SAME—COMPENSATION OF EXPERTS.

Extra compensation to expert witnesses above the statutory witness fee of $1.50 per day and mileage cannot be taxed as costs, or allowed against a losing party, in a court of bankruptcy; and the court will not be bound to make such an allowance because counsel have so agreed, especially where the agreement is not in writing.

4. SAME—COST OF PRESERVING PROPERTY.

Where a creditor who has levied an execution on property of his debtor interpleads to a petition in involuntary bankruptcy against the latter, and opposes (unsuccessfully) an adjudication thereon, and the property is surrendered by the sheriff, under order of the court of bankruptcy, and sold, the expense of preserving and caring for the property in the interim should not be taxed as costs against such intervener, if it does not appear that his intervention and contest delayed the sale.

5. SAME—REVIEW OF REFEREE'S DECISION—EXCEPTIONS.

On review by the judge in bankruptcy of a decision of the referee, counsel desiring to be heard by the court must file exceptions to the findings of the referee, as required by the rule of the court.

In Bankruptcy. On a petition in involuntary bankruptcy against the Carolina Cooperage Company, one Tyner, a creditor, who had recovered judgment against the corporation, and caused execution to be levied on its property, intervened, and opposed the adjudication, alleging that the corporation was solvent, and claiming a prior lien on its property. The defense failing, and the adjudication being made, the court ordered that there should be taxed against the intervener· such part of the costs of the proceeding as were rendered necessary by his intervention and claim of priority. Tyner excepted to the bill of costs as taxed by the clerk, and moved before the referee for a retaxation, and now brings a petition for review of the decision of the referee on said motion.

John D. Bellamy, for petitioning creditors.
Iredell Meares, for intervening creditor.

PURNELL, District Judge. The report of the referee, after hearing counsel on motion to retax costs in compliance with a former order in this behalf against the interpleader, Tyner, of such costs as were rendered necessary by said Tyner's resisting the adjudication and his claim of priority, having been duly filed and considered, it is ordered and adjudged:

1. "That the recommendation of the referee that the costs taxed against said Tyner for 'entering and filing the report of the referee on priority of claim,' recording the same, and serving original papers, be stricken out," is affirmed.

2. The reduction of the allowance for witnesses before the commissioner from $10 to $3, as charged in the bill of costs, is approved as far as it goes, but it does not go far enough to comply with the law. The witness fees are allowed in the bill of costs as "expert witnesses." Extra allowance to expert witnesses cannot be allowed or taxed against a losing party in a United States district court sitting in admiralty or bankruptcy, but must be paid, according to the statute, $1.50 per day for actual attendance, and mileage. Rev. St. § 848; The William Branfoot, 3 C. C. A. 155, 52 Fed. 390, and 8 U. S. App. 129. Any extra allowance to "experts" is a matter of personal or private contract between the parties,—the one summoning the expert and the witness so summoned and used. The witness fees will therefore be reduced to the amount allowed by statute,—$1.50 per day for actual attendance,—and no more. And for this amount witnesses must prove their attendance, as provided by statute, before any fee can be taxed in a bill of costs. It is said, but does not appear in the report, that counsel agreed on this amount. Agreements of counsel cannot bind the court when deciding a question of law, and such agreements are disregarded entirely, and under all circumstances, unless in writing, and signed by the parties. Counsel who assume to do acts out of the ordinary course of practice, and bind their constituents or estates, should be willing to put such agreements in writing, and make them a part of the record. This rule is inviolate in this district. In the bill of costs as taxed by the clerk, it appears seven witnesses were examined before the commissioner. Four of them attended one day. These four witnesses were summoned, it appears, on behalf of Tyner, and he should be taxed with their fees at $1.50 per day. The other three were summoned in behalf of petitioning creditors, but their examination would not have been necessary but for the action of Tyner, and under the former order of court their fees, if they have regularly proved attendance, should be taxed against Tyner, the intervening creditor, claiming priority, which claim has not been sustained.

3. "That the item 'actual expense of taking care of property—$247.73'—be taxed, one-third, to wit, $82.54, against Tyner, and the balance be paid out of the estate." Was this taking care of the property in consequence of Tyner's interpleader or contest of the adjudication? Tyner had recovered judgment in an action of tort, execution issued, and the property of the bankrupt levied on, when the petition in bankruptcy was filed. Tyner—it is presumed, under advice of counsel—contested the adjudication, and then contended that this

gave him priority over other creditors. Adjudication was made, and the claim of priority decided against his contention. But suppose he had not contended for what he was advised was right; that the corporation was solvent, and he was entitled to a priority in the payment of his judgment,—still it would have been necessary to care for the property. Did his contention delay the sale of the property? The property was in the hands of the sheriff, and when taken therefrom by order of this court it was necessary to take care of it, even if Tyner had immediately abandoned his claim, and taken no further steps to preserve his rights. Under the provisions of the act, which are ample for the purpose, and were invoked in this case, the property could be, and was actually, sold before the determination of the claim of priority. If the petitioning creditor delayed in making application to the court for the order of sale, the contention of Tyner was in no way the cause of the procrastination, and the court, acting under equity rules, would not be justified in taxing him with any part of the costs thus incurred. Bankrupt Act, § 64, provides, too, that the cost of preserving the property shall be paid out of the estate. This is not a part of the cost contemplated in the former order, and the recommendation of the referee in this behalf is not approved. No part of this item will be taxed against Tyner, but will be paid by the estate. The former order of court was under and in accordance with the provisions of the bankrupt act (section 2), which provides that the courts of bankruptcy shall be invested with such jurisdiction in law and equity as shall enable them to (subsection 18) "tax costs whenever they are allowed by law, and render judgments therefor against the unsuccessful party, or the successful party for cause, or in part against each of the parties, and against estates, in proceedings in bankruptcy."

Except as herein modified, the recommendation of the referee and the bill of costs taxed by the clerk are affirmed. It is further considered and adjudged that, no exceptions to the finding of the referee being filed as required by the rule of this court, only a note in the report saying counsel request to be further heard, counsel having been heard before the referee, a further hearing is deemed unnecessary. The rules were made for the guidance and convenience of parties and their solicitors, and the court will enforce them, even if officers and solicitors seemingly regard them as matters of form only. Rules are, or should be, of record in every court in this district, have been printed and distributed, and must be followed in proceedings in bankruptcy. Solicitors practicing in the courts of bankruptcy frequently jeopardize the rights of their clients by disregarding these rules.