struction to find a verdict for plaintiff was necessarily wrong. The liability of the company in this class of case may exist in favor of one who was not a passenger, and upon the theory that the employee was acting within the scope of his employment in protecting the company's employees and property from wanton attack, and even though the act which inflicted the injury went beyond what was reasonably necessary to effect the protection. Illustrative cases of this character in this court are: Shooting at trespassers who had been already driven from the train (Shadoan v. Cincinnati Co., 220 Fed. 68, 72; 135 C. C. A. 636); an assault upon a consignor to compel him to load freight into the car (Dickinson v. Harris, 242 Fed. 926, 155 C. C. A. 514); and the use of more force than necessary to eject those stealing rides upon a freight train, as discussed in Cincinnati Co. v. Lovett (C. C. A.) 272 Fed. 421, 423.

We are not inclined to consider or decide whether an indisputable liability could be supported in this case upon this theory. The declaration alleged that Townes was a passenger and that the injury was inflicted upon him while a passenger. The defendants pleaded that they were not guilty of the wrongs averred, and specially pleaded that the shots which injured plaintiff were fired in self-defense. Upon the trial defendant presented nine special requests to charge, eight of which presented the theory of self-defense, and one of which, No. 6, suggested the theory of an attempt to arrest plaintiff for the murder of the conductor. The court and defendant's counsel agreed that this request, No. 6, was not within the issue made by the plea, and ought not to be granted. The claims that plaintiff had ceased to be a passenger, and that firing the shot which injured him was not within the scope of the motorman's employment were never presented or considered at the trial. Neither is any such claim specified by any assignment of error.

These considerations lead to the conclusion that the judgment must be affirmed.

---

### KATZ et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 12, 1922.)

No. 3614.

1. Receiving stolen goods ⬅=3—Knowledge stolen automobile was moving in interstate commerce is not essential to conviction for receiving stolen automobile.

In a prosecution under Act Oct. 29, 1919. § 4, making it a felony to receive a motor vehicle which is moving in interstate or foreign commerce, knowing the same to have been stolen, it is not essential to a conviction that the accused knew that the automobile was moving in interstate commerce, but knowledge that the automobile had been stolen was sufficient.

2. Receiving stolen goods ⬅=8(4)—Evidence held to sustain verdict finding knowledge automobile was stolen.

Evidence that one of the purchasers of a stolen automobile knew on previous occasions that the seller was a car thief, and was assured by

---

⬅=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

281 F.—9

the seller that the car in question was an out of town car, and took a bill of sale signed by the seller with a fictitious name, is sufficient to sustain a finding by the jury that he knew the automobile was stolen.

3. **Receiving stolen goods ⬯8(2)—Proof defendants knew seller of stolen automobile had stolen another automobile is admissible to show knowledge.**

In a prosecution for receiving a stolen automobile, which was moving in interstate commerce, evidence that defendants knew of the stealing of another automobile by the one from whom they bought the car in question was admissible, when limited to the issue of knowledge that the car in question had been stolen.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

David Katz and another were convicted of receiving a motor vehicle which was moving in interstate commerce, with knowledge that the vehicle had been stolen, and they bring error. Affirmed.

F. R. Hahn, of Youngstown, Ohio, and Reuel A. Lang, of Cleveland, Ohio (Seidman & Seidman, of Cleveland, Ohio, and Wilson, Hahn & Wilson, of Youngstown, Ohio, on the brief), for plaintiffs in error.

D. J. Needham, Asst. U. S. Atty., of Cleveland, Ohio (E. S. Wertz, U. S. Atty., of Youngstown, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. Defendants were convicted of a violation of section 4 of the Act of October 29, 1919 (41 Stat. 324),[1] with reference to the interstate transportation of stolen automobiles. The specific charge was that at Cleveland, Ohio, they received and concealed a specified automobile which had been stolen at Erie, Pa., and had been transported to Cleveland, and had been moving as a part of and "which constituted interstate commerce, the said [respondents] knowing the same to have been stolen and transported in interstate commerce as aforesaid." It was not denied that the automobile had been stolen in Pennsylvania and brought into Ohio, and that it was transferred to and received by the respondents. The case in law and in fact turned upon the character and extent of their knowledge.

[1] We think it unnecessary to state the circumstances in detail. It is insisted by respondents that in order to justify their conviction it must appear, not only that they knew the automobile had been stolen, but that they knew of the interstate transportation. The trial court took the other view, and charged that knowledge that the automobile had been stolen was enough. In this the court was right. As far as this point is concerned the case cannot be distinguished from our decision in Kasle v. United States, 233 Fed. 878, 147 C. C. A. 552. The statute does not require that persons otherwise guilty thereunder should escape because they supposed that they were violating only a state and not a federal law.

Whether section 4 of the statute may rightly be applied to the reception of goods which have before that time finished their interstate

[1] Sec. 4. That whoever shall receive, conceal, store, barter, sell, or dispose of any motor vehicle moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, etc.

journey and become a part of the body of property in the state of destination, and what, from that point of view, would be the status of a stolen automobile, which had no lawful destination anywhere, and which was subject to be taken on further if a purchaser was not found at the first stop, are questions not raised in the court below, nor in any way requiring our consideration here.

[2] It is urged that there was not sufficient evidence to support a conclusion that David Katz had the necessary knowledge, even as necessity is thus restricted. This contention cannot be sustained. If the testimony for the government is believed, David Katz had known on previous occasions that Walsh, from whom he bought this car, was a car thief; he was expressly assured by Walsh that this was an "out of town car," which phrase both probably understood as a euphemism for a car stolen from a nonresident owner; and he took a bill of sale signed by Walsh with a fictitious name. The record is not persuasive that his conviction was a miscarriage of justice.

[3] Evidence was received concerning respondents' knowledge of the stealing of a Buick car by Walsh a few months before. The jury was by the court cautioned that this testimony must not be considered, except as it might be thought to have a bearing upon the knowledge of respondents that the Hudson car conveyed to them by Walsh was stolen. Upon this issue of knowledge it did have a bearing, taken in connection with Walsh's possession and offer of the Hudson car, and its reception for that limited purpose was proper. Shea v. U. S. (C. C. A. 6) 236 Fed. 97, 102, 149 C. C. A. 307; Schoborg v. U. S. (C. C. A. 6) 264 Fed. 1, 7.

The convictions and sentences are affirmed.

---

### PRESONT v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 4, 1922.)

No. 3634.

Intoxicating liquors ☞167—Misprision statute not applicable to misdemeanors.

On trial of defendants, respectively owner and tenant of a building, charged under National Prohibition Act, tit. 2, § 21, with maintaining a common nuisance, an instruction that, if defendants knew of violation of the law by a subtenant and failed to report it, they might be convicted, the court probably having in mind Criminal Code, § 146 (Comp. St. § 10316), relating to misprision of felony, *held* erroneous.

In Error to the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

Criminal prosecution by the United States against Sam Present. Judgment of conviction, and defendant brings error. Reversed and remanded.

Sidney G. Kusworm, of Dayton, Ohio (Kusworm & Shaman, of Dayton, Ohio, on the brief), for plaintiff in error.

G. J. Pilliod, Asst. U. S. Atty., of Toledo, Ohio.