## SILVERMAN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 5, 1924.)

No. 4009.

1. **Receiving stolen goods ⬦8(1)—Burden on government to prove accused's knowledge or belief goods stolen.**

In prosecution for unlawfully receiving stolen goods, burden is on government to prove accused had knowledge or belief that goods were stolen.

2. **Receiving stolen goods ⬦8(4)—Guilty knowledge may be inferred from surrounding circumstances, but not from mere failure to make inquiry.**

Knowledge or belief of receiver of stolen goods that goods were stolen may be proved by evidence of facts and circumstances surrounding transaction from which inference of guilty knowledge would necessarily follow, but such inference cannot arise from mere failure to make inquiry.

In Error to the District Court of the United States, for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Louis Silverman was convicted of knowingly receiving stolen goods, and he brings error. Reversed and remanded.

T. R. Hamilton, of Lima, Ohio (Curtis T. & Ben W. Johnson, of Toledo, Ohio, on the brief), for plaintiff in error.

Geo. E. Reed, Asst. U. S. Atty., of Toledo, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before DONAHUE, MACK, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge. [1, 2] In a prosecution under an indictment charging defendants with unlawfully receiving, buying, and having in his possession certain goods and chattels stolen from an interstate shipment of freight in course of shipment in interstate commerce, knowing the same to have been stolen, the burden is upon the government to prove that the accused, at the time he received, bought, or kept the same in his possession, had knowledge or belief they were stolen. Katz v. U. S. (C. C. A.) 281 F. 129. This element of the offense may be proven by evidence of facts and circumstances surrounding the transaction, from which the inference of guilty knowledge would necessarily follow. It is error however, for the trial court to charge that "all the government need to prove to a reasonable certainty here is that the defendants, to whichever one of them you find the evidence applies, had knowledge that the goods coming into his possession were not coming in a way to make his possession rightful," and that, "if either defendant was surrounded by circumstances which, in your judgment, as you understand him and see him, should have advised him that the man who was attempting to clothe him with possession had a title so doubtful that he, the defendant, was put upon inquiry to find out where the man so attempting to clothe him with possession * * * acquired his title, and that with his eyes open to this suspicious circumstance demanding an inquiry, he failed to make any inquiry but doggedly went to work against the impulse of these circumstances and reduced these tires to his possession, he must take the consequence." Hagan v. U. S. (C. C. A. 6) 295 F. 656, decided since the trial in the instant case.

No other error intervened in the trial of this case to the prejudice of the plaintiff in error.

The judgment is reversed for error in the charge as above stated, and this cause is remanded for further proceedings and trial in accordance with this opinion.