**GRIMSLEY v. UNITED STATES (two cases).**
**Nos. 6133, 6142.**

Circuit Court of Appeals, Fifth Circuit.
June 6, 1931.

SIBLEY, C. J., dissenting.

Philip D. Beall and J. McHenry Jones, both of Pensacola, Fla., for appellants.

Fred Cubberly, U. S. Atty., and Geo. Earl Hoffman, Asst. U. S. Atty., both of Pensacola, Fla., for the United States.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

J. Clifford Grimsley, appellant in No. 6133, was convicted upon an indictment which charged that on June 25, 1929, in the Northern District of Florida, he, "then and there unlawfully and feloniously, did sell a certain motor vehicle, to-wit, Ford Sedan, Motor No. A–669267, then and there well knowing the same to have been transported in interstate commerce, that is to say from Mobile, in the State of Alabama, to Pensacola in the State of Florida, and then and there well knowing the same to have theretofore been stolen." George Grimsley, appellant in No. 6142, was convicted upon an indictment, identical in form with that against Clifford Grimsley, which alleged the sale of another automobile at a later date. Each indictment was demurred to on the ground that it failed to allege any offense against the laws of the United States, and on the further ground that it failed to allege directly that the motor vehicle, which the appellant proceeded against was charged with selling, had been stolen. The demurrers were overruled, and the orders thereon are assigned as errors.

The indictments were drawn under the National Motor Vehicle Theft Act, 18 USCA § 408. That act provides for the punishment, by section 3, of one who transports in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen; and, by section 4, of one who receives, conceals, stores, barters, sells or disposes of a motor vehicle, "moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen." 41 Stat. 324. It is an essential element of the offense under the fourth section that the accused receive the motor vehicle while it is moving as, or is a part of, or constitutes, interstate or foreign commerce. The act, as is apparent on the face of it, is based upon the commerce clause of the Constitution, and does not assume to punish one who receives or sells a stolen motor vehicle after it has ceased to move in, or be a part of, interstate or foreign commerce. Brooks v. United States, 267 U. S. 432, 45 S. Ct. 345, 69 L. Ed. 699, 37. A. L. R. 1407. This essential element was not alleged in the indictments under consideration.

It is true that each appellant was charged with knowledge that the automobile which it was alleged he received and sold had been· previously transported in interstate commerce; but for all that appears in either indictment, such transportation had come to an end and the automobile had come to rest in Florida long before the accused received or sold it. The indictments, under the most liberal interpretation, charged only the ordinary offense against the state law of receiving stolen goods with knowledge that they had been stolen; they failed to charge directly, or even by implication, an offense within the jurisdiction of the federal District Court. An indictment is fatally defective which omits an essential element of the offense sought to be charged. Evans v. United States, 153 U. S. 584, 14 S. Ct. 934, 38 L. Ed. 830. The right of an accused to be informed of the nature and cause of the accusation against him is a substantial right, the enjoyment of which is assured by the Sixth Amendment. It is not a mere technical or formal right, within the meaning of 18 USCA § 556 or 28 USCA § 391. United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588; United States v. Hess, 124 U. S. 483, 8 S. Ct. 571, 31 L. Ed. 516. We are therefore of opinion that it was reversible error not to sustain the demurrers on the ground that the indictments failed to charge an offense against the laws of the United States. This conclusion makes it unnecessary to consider the second ground of demurrer, to the effect that the indictments failed to allege directly and positively that the automobiles, which the accused were charged with selling, had been stolen; for from what has been already said, it follows that in our opinion new indictments will have to be found before appellants can be further prosecuted. The present indictments having been found within the statutory period of limitations, new indictments would not be barred, even after the expiration of that period. 18 USCA § 582, as amended in 1927.

In view of the situation, we deem it proper to suggest that the new indictments, if they shall be found, ought to allege directly that the motor vehicles had been stolen. The whole object of the act of Congress is to punish the transportation or receipt in interstate or foreign commerce of motor vehicles that have been stolen. Brooks v. United States, supra. Theft of a motor vehicle is therefore an essential element of the crime. It is not always true that a statutory crime may be alleged in an indictment in the language of the statute. United States v. Hess, supra. For a form of indictment which well alleges the common offense of receiving stolen goods with knowledge that they had been stolen, see Bishop's Directions & Forms, § 916. It is so easy for the pleader to follow this or some other approved form in alleging the receipt or sale of stolen goods with knowledge that they had been stolen, that courts ought not to have to resort to inferences and to statutes relating to harmless error, in an effort to bolster up an indictment for that offense.

The judgments are, and each of them is, reversed; and the causes are remanded for further proceedings not inconsistent with this opinion.

SIBLEY, Circuit Judge (dissenting).

My dissent rests upon the Act of February 26, 1919, 28 USCA § 391, providing: "On the hearing of any appeal * * * in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." This means that no new trial is to be granted for an abstract error which the whole record shows did no practical harm. The same words were used in this same meaning by the court in Iron-Silver Co. v. Mike & Starr Co., 143 U. S., at page 402, 12 S. Ct. 543, 36 L. Ed. 201. This is a highly remedial statute touching a valid complaint against the administration of justice, and ought to be fully effectuated. As applied to a ruling on a demurrer to an indictment which is followed by a trial, it is not to be confused with the old law in 18 USCA § 556, that: "No indictment * * * shall be deemed insufficient * * * by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." This law applies to the trial judge, and is still unchanged. It covers only defects of form, and declares that disregard of such defects as are mentioned in it is not error. The new law speaks not to the trial judge, but to the reviewing court, and, assuming that the trial judge has committed error, it directs the reviewing court not to punish it by a new trial if it turns out in the light of the whole record to be an abstract error, and without practical prejudice to the defendant. The decisions under the old law as to what it takes to make a good indictment, and what is matter of form and what of substance, are still binding on the trial judge in his rulings on

demurrer, but have little to do with the new law in its application by a reviewing court. The new law was passed for the purpose of working a change there. I agree that the indictment here concerned was bad in matter of substance, and that it was error to overrule the general demurrer, but I think it clear that the error is an abstract or technical one, and did the defendant no harm. There are two troubles with the indictment. First, it alleges that the defendant well knew that the car was stolen when he received and sold it, without alleging directly that it was in fact stolen. The statute itself has the same fault, but no one doubts that it applies only to a car really stolen. Legislation may proceed by implication, but good pleading cannot. Nevertheless, an allegation that one knew a thing to be stolen has been held on appeal equal to alleging that it was stolen, and he knew it. Grandi v. United States (C. C. A.) 262 F. 123; Wendell v. United States (C. C. A.) 34 F.(2d) 92; Melanson v. United States (C. C. A.) 256 F. 783. Second, the indictment alleged merely that the defendant well knew that the car had been transported in interstate commerce. On the same authorities we may take this as sufficiently implying that the car had been so transported. But the majority opinion points out that for all the indictment says, the transportation might have happened long before the defendant received and sold it, and that it is not, therefore, alleged that the car was then a part of interstate commerce. This is undoubtedly a substantial defect, but one that never occurred to the defendant or his counsel, and was never specially presented to the court below, but was discovered by this court in its consultation, and the whole record plainly shows that it is purely abstract, because the case in fact involved no ancient, but a very recent, transportation. In appellant's brief the only specification of error touching the demurrer is this: "1. The court erred in overruling and denying appellant's demurrer to count three of the indictment because such count did not aver directly that the car in question was a stolen car." No other point was argued by brief or orally, and none other was apparently presented in the trial court. If the judge had really ruled that it was not necessary that the car be in fact stolen, or that when received and sold it be still a part of interstate commerce, and if in his rulings on evidence and in his instructions he had governed himself accordingly, the error would have had practical consequences; but no such thing occurred here. Appellant's

counsel in his brief says: "There is no doubt but that the car in question was stolen, (a), by someone; (b), at Mobile, Alabama; (c), on June 23, 1929; (d), between 7:30 and 9:30 P. M.; (e), and was sold in Pensacola by appellant on June 25th, 1929." The record shows that there was never any contention to the contrary. The sole defense was that defendant did not know it was stolen. The case was tried exactly like it would have been if the indictment had been letter-perfect, and just like it will be when a new indictment is gotten. There is no contention that the defendant was not in fact fully informed of the nature of the charge against him (see Segurola v. U. S., 275 U. S., at page 110, 48 S. Ct. 77, 72 L. Ed. 186), or that he is not by this record sufficiently protected from another prosecution for this same offense. That this court, as the result of its own astuteness, should grant a new trial on a point which, although latent in the general demurrer, was not really raised below, and not complained of here, and which had no bearing whatever on the real case, seems to me highly technical and forbidden by the statute. Horning v. District of Columbia, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185; Segurola v. United States (C. C. A.) 16 F. (2d) 563, affirmed 275 U. S. 106, 48 S. Ct. 77, 72 L. Ed. 186.

HUTCHESON, Circuit Judge (concurring).

The opinion of the majority is an extremely simple and, as I think, correct statement of the principle that two substantial things must concur before a defendant may be convicted of a felony in a court of the United States; (1) He must be charged by indictment with the commission of a federal offense; (2) the offense must be proven against him.

I have always supposed that as an indictment without proof cannot support a conviction, so proof without indictment cannot.

That Congress by the Act of February 26, 1919, 28 USCA § 391, either intended or has effected the result that in federal courts proof of a federal offense is now the only matter of substance, that indictment is mere technicality, and may, when proof is ample, be entirely dispensed with, I do not believe.

No case has yet been found by me which declares that failure to charge the essential element of an offense is a mere technicality; on the contrary, there is general concurrence in the statement that if "the indictment fails

to state facts sufficient to constitute the crime charged, the judgment of conviction cannot, of course, be sustained" Sonnenberg v. U. S. (C. C. A.) 264 F. 327, 328; Wong Tai v. U. S., 273 U. S. 80, 47 S. Ct. 300, 71 L. Ed. 545; Wishart v. U. S. (C. C. A.) 29 F.(2d) 103, 106; Shilter v. U. S. (C. C. A.) 257 F. 724, and this even in the absence of an attack of any kind upon the indictment in the court below. Sonnenberg v. U. S. (C. C. A.) 264 F. 327, 328.

Where the indictment has been challenged by demurrer, raising not technicality, but matters of substance, and the demurrer has been erroneously overruled, by that much more is it clear that a conviction upon such indictment must be reversed. Moore v. United States, 160 U. S. 268, 16 S. Ct. 294, 40 L. Ed. 422.

Technicality and substance are not so confused in my mind as that I can bring myself to believe that failure to charge the substantive elements of a federal offense constitutes "technical error, defect, or exception which does not affect the substantial rights" of the defendant.

I concur in the majority opinion.