## UNITED STATES v. DREXEL.
### No. 220.

Circuit Court of Appeals, Second Circuit.
March 7, 1932.

William J. Wilson, of Brooklyn, N. Y. (William A. De Groot, of Brooklyn, N. Y., of counsel), for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, of Brooklyn, N. Y., of counsel), for the United States.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The indictment, so far as material, read as follows: "The defendant * * * did unlawfully * * * receive and conceal * * * a certain motor vehicle to wit: a Roosevelt Sedan, Motor Number 910630, Serial Number 709882, which said motor vehicle had theretofore been stolen at the City of Philadelphia, State of Pennsylvania, and transported * * * in interstate commerce." It will be observed that, although these words allege that the car had been stolen, they do not allege that it was "moving as" or "a part of" or that it "constituted" interstate commerce as the statute required. Section 408, title 18, U. S. C. (18 USCA § 408). The more natural way to read the language undoubtedly is that the car "had been transported," rather than that it "was being transported," in interstate commerce; and it must be confessed that a strict construction would make the indictment defective, since it was an essential element of the crime, one indeed without which the statute would extend beyond its constitutional scope, that the car should not have lost its character as a part of interstate commerce. If so construed, an error arises on the face of the record, which was not cured by failure to object in limine. U. S. v. Carll, 105 U. S. 611, 26 L. Ed. 1135; Shilter v. U. S., 257 F. 724 (C. C. A. 9); Dropps v. U. S., 34 F.(2d) 15 (C. C. A. 8); Hardesty v. U. S., 168 F. 25 (C. C. A. 6); Grimsley v. U. S., 50 F.(2d) 509 (C. C. A. 5). Moreover, no exception was necessary to raise it; it is open on mere appeal. Nalle v. Oyster, 230 U. S. 165, 33 S. Ct. 1043, 57 L. Ed. 1439; Brown v. Carver, 45 F.(2d) 673, 674 (C. C. A. 2).

Yet the purpose of the allegation is entirely apparent; it was to charge the defendant with the offense of stealing a car which was part of interstate commerce, and practically he was adequately advised of what he must meet. The defect was therefore rather one of form than of substance under section 556 of title 18, U. S. Code (18 USCA § 556), and falls within such cases as Bloch v. U. S., 261 F. 321 (C. C. A. 5), and Grandi v. U. S., 262 F. 123 (C. C. A. 6), not within Grimsley v. U. S., 50 F.(2d) 509 (C.

C. A. 5), where the indictment was wholly bare of the necessary allegation, though guilty knowledge had been properly laid. At any rate it is within section 391 of title 28 of the U. S. Code (28 USCA § 391), for, if not strictly formal, it was certainly a "technical defect" which did not "affect the substantial rights of the parties." The pleader had been inept in expressing his meaning, but that meaning was clear, and the fact was proved at the trial beyond peradventure. The defendant, whether guilty or not, had certainly received the car at the end of its interstate journey.

Moreover, even if we are wrong in both respects, there is no assignment of error to cover the supposed error. There are indeed several directed to the denial of a motion to dismiss the indictment at the close of the evidence, and these perhaps are couched broadly enough to raise the point, if the motions had themselves done so. They did not; they were to dismiss the indictment because of its supposed failure to allege that the car had been stolen; that allegation it contained. The court's rulings were therefore correct, for the defendant had not complained of the failure to allege that the car was still a part of interstate commerce at the time. True, the difference was purely verbal and of the merest form; but then the objection is itself equally insubstantial, and it is reasonable to meet technicality with technicality that the substance may prevail.

The other points are of slight importance. There was a variance between the car number as alleged and as proved; the difference, according to the owner's testimony, relating only to the motor number, which was in fact S10630, instead of 910630, as alleged. This is too trivial for discussion. The court admitted evidence of the defendant's knowledge that other cars which he received had been stolen. This was competent [Katz v. U. S., 281 F. 129 (C. C. A. 6)] under very old law. Indeed, it was against receivers of stolen goods that the whole doctrine had its origin, and it was at one time argued that it should be confined to such cases. So far as the charge was inadequate, or misleading, which we do not intimate, it is an answer that the defendant made no effort to correct it, as the judge would almost certainly have done had his attention been called to it. The defendant's guilt was plainly for the jury, and he had a fair trial.

Judgment affirmed.