### McNALLY v. HILL.
### No. 5257.

Circuit Court of Appeals, Third Circuit.

Feb. 13, 1934.

Nathan Fink, of Scranton, Pa., for appellant.

Herman F. Reich, of Sunbury, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

McNally, with others, was tried, convicted and, upon nearby days, was sentenced on all counts of two indictments framed under the Conspiracy Act (Cr. Code § 37 [18 USCA § 88]) and the National Motor Vehicle Theft Act, sections 1–5 of the Act of October 29, 1919, 41 Stat. 324, embodied in section 408 of Title 18 USCA. Submitting to imprisonment without appeal, McNally has not complained of the sentence of two years' imprisonment imposed under one indictment containing one count which charged conspiracy to violate the cited statute, nor has he excepted in any way to the sentences under the first and second counts of the other indictment which imposed penalties of imprisonment for two and four years to run concurrently, but now, as the longest of the first three sentences is approaching its end, he has filed in the District Court a petition for a writ of habeas corpus and complains grievously of the sentence imposed under the third count of the latter indictment which called for imprisonment for a term of four years to run consecutively with the other two terms, thus extending the aggregate of the sentences from four years to eight years. By his petition, he seeks release from the sentence under the third count on the ground that, thereunder, the court had not jurisdiction to try him and none to impose sentence upon him. He bases this contention on the allegation that the count does not charge an offense under the National Motor Vehicle Theft Act in that it alleges that he, with others, sold in New Jersey a motor vehicle which "had theretofore been transported in interstate commerce (from New York to New Jersey), which had theretofore been stolen from the true owner (in New York), the said defendants knowing that said car so sold as aforesaid had been stolen and transported in interstate commerce contrary" to the cited statute. In a word, his contention is that the sale in New Jersey was of a stolen motor vehicle not shown, as required by the statute, to be a part of or moving in interstate commerce at the time of sale and therefore the offense, if any, was against the law of New Jersey, triable only by a court of that state, and that his trial by a federal District Court in New York was invalid because in violation of clause 3, section 2, of article 3 of the Constitution of the United States, which provides that: "The Trial of all Crimes * * * shall be held in the State where the said Crimes shall have been committed. * *. * " The learned district judge, holding that the federal trial court had jurisdiction, denied the petition and the relator, McNally, has taken this appeal which we shall entertain without committing ourselves on the question whether or not this proceeding for a writ of habeas corpus is an attempted substitute for an appeal from the judgment of sentence.

The pertinent provisions of the applicable federal statute are these:

"Sec. 3. That whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished. * * *

"Sec. 4. That whoever shall receive, conceal, store, barter, sell, or dispose of any motor vehicle, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be punished. * * *

"Sec. 5. That any person violating this Act may be punished in any district in or through which such motor vehicle has been transported or removed by such offender."

The purpose of this act, obvious on reading it and tersely stated by Mr. Chief Justice Taft in Brooks v. United States, 267 U. S. 432, 438, 45 S. Ct. 345, 347, 69 L. Ed. 699, 37 A. L. R. 1407, was to put an end to elaborately organized schemes for the theft of automobiles, ordinarily successful because of the speed with which the stolen property can, by its own power, be moved into distant police jurisdictions and made difficult of detection by that very fact.

Adverting to the fourth section of the act (18 USCA § 408), the one here in question, the Chief Justice remarked in the Brooks Case that it made "more effective the regulation contained in the third section. The third section punishes the transportation of a stolen automobile with knowledge of the theft. The fourth section punishes the receipt, the concealment, the storing, the bartering, the sale or the disposition of such stolen vehicle moving as interstate commerce or as a part thereof with knowledge of its having been stolen. Of course this section can and does apply only to the storing or concealment (and, we think, he meant that it applies also to the other specifically forbidden acts of re-

ceipt, barter, and sale as distinguished from transportation) of a stolen automobile with knowledge of its theft as a final step in the use of interstate transportation to ·promote the scheme of its unlawful disposition and the withholding of it from its owner."

■ It is clear that the act, purposely made comprehensive so as to curb· the far flung offenses to which it is directed, is based on the interstate commerce clause of the Constitution and it is equally clear that to confer jurisdiction upon a court the indictment must show the interstate character of the offending transaction, which in this case was a sale. An indictment which merely shows the sale of stolen property does not conform to the statute and does not confer jurisdiction on a federal District Court.

But the statute, in order to cover the whole of the vicious practice, has defined two offenses: One, the transportation in interstate commerce of a stolen motor vehicle, which is complete without sale; the other, the receipt, sale or disposition of a stolen motor vehicle, possessing the requisite characteristic of interstate commerce, describing it in these words: "Any motor vehicle, moving as, or which is a part of, or which constitutes interstate or foreign commerce." Thus, by the two sections, the statute forbids and punishes the transportation and sale of a stolen motor vehicle in interstate commerce from its inception by theft to its termination by sale, yet even in the sale clause (section 4 of the act [18 USCA § 408]) the transaction must, of course, partake of or have the characteristic of interstate commerce as a necessary jurisdictional ingredient. This, the relator says, is lacking in the third count of the indictment because it charges him, in the past tense, with the sale of a motor vehicle which (having theretofore been stolen in New York) "had theretofore been· transported in interstate commerce" (from New York to New Jersey) indicating, he says, that on arriving in New Jersey it lost its characteristic of interstate commerce and thereafter became the subject of larceny and of prosecution for larceny under the laws of New Jersey alone.

■ Looking at · the subject matter of the statute, it is certain there comes a time in the transportation of a stolen motor vehicle from one state to another when, reaching its journey's end, the motor vehicle stops and transportation ceases. If, at that moment, it loses its quality of "moving as" or "which is a part of," or "which constitutes" interstate commerce, then always would it be impossible to enforce the fourth section of the statute

against the concealment or sale of a car so described. Plainly the statute contemplates a situation where the sale is an incident to something that has gone before, the "final step" of several that have preceded it, such as theft and transportation, and when the sale is so tied up with the interstate transportation in furtherance of the scheme unlawfully to dispose of the stolen vehicle and constitutes the last step thereof, the characteristic of interstate commerce is preserved and the federal jurisdiction for trying the offense of sale . is maintained. Section 4. This must be true, for the Congress meant something by prescribing as an offense the sale of a stolen motor vehicle which is impressed with the characteristic of interstate commerce. Manifestly it did not, by the fourth section of the act dealing with sale of an unlawfully transported motor vehicle, intend the absurd thing of denouncing a sale only when the wheels of the vehicle are turning in interstate transportation. Forbidding the sale of a stolen vehicle only when actually in transit or in motion or in flight is not sense. The Congress intended a sale of a stolen motor vehicle which, having been unlawfully moved in interstate commerce and coming to rest, continues so closely related to that commerce as to remain "a part of" it. When an indictment and the proofs show such to be the fact, the statute gives jurisdiction to a federal District Court to try the case and punish the offender, not exclusively in the jurisdiction where the transaction was completed by sale, or in the jurisdiction in which it had its inception by theft, but "in any district in or through which such motor vehicle has been transported." Section 5 of the Act (18 US CA § 408). This grant of jurisdiction to any one of several District Courts is predicated upon and justified by the very character of the offenses of transportation and of sale, neither of which, as defined by the qualifying words, is limited to one district. Each spreads through two or more districts. The offense, however extensive territorially and however complicated actually, are in each case but one offense and when proved to have the interstate characteristic, it is, under the statute and within the sense of the legislative problem, triable in any district through which, in part, it was perpetrated.

■ Applying these observations to the averments of the third count of the indictment in this case as affecting· interstate commerce, which are very similar, indeed almost identical, with those which were involved in United States v. Drexel, 56 F.(2d) 588, 589, we

are of opinion, in accord with the Circuit Court of Appeals for the Second Circuit, that the allegation, in the past tense, that the stolen motor vehicle had, before the sale, been transported in interstate commerce, was, if a defect, rather one of form than of substance under section 556 of title 18 USCA, and we are also of opinion, in accord with the thought in the Drexel Case, that at any rate "within section 391 of title 28 of the U. S. Code (28 USCA § 391), for if not strictly formal, it was certainly a 'technical defect' which did not 'affect the substantial rights of the parties.' The pleader had been inept in expressing his meaning, but that meaning was clear."

The third count of the indictment in this case shows that the characteristic of interstate commerce remained in the vehicle at the time of sale. The facts were, we assume from the verdict and in default of an appeal, proved at the trial. It is, on the verdict, not disputed that the car was stolen in one district, transported to another district, there, without change of character, received by the relator, knowing it to have been stolen and transported, and by him sold, thus bringing the case on the averments of the count and on the proofs within the jurisdiction of the court that tried him.

The order denying the petition for writ of habeas corpus is affirmed.