### In re FIRST BOND & MORTGAGE CO.

### ROBINSON v. REX et al.

### No. 7445.

Circuit Court of Appeals, Fifth Circuit.
Jan. 24, 1935.

John G. Simms and J. R. Wells, both of Orlando, Fla., for appellant.

Warren B. Parks, of Orlando, Fla., for appellee.

C. W. Rex and W. J. Golden, in pro. per.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

First Bond & Mortgage Company was put in general receivership. The receiver's report showed assets at book or face value of $958,764, and liabilities, secured and unsecured, of $348,063. Several unsecured creditors filed a petition to adjudge the corporation bankrupt, and alleged its insolvency. Adjudication was resisted, but jury trial was not demanded and the issue of insolvency was referred to the referee as special master. Counsel for petitioning creditors employed C. W. Rex and W. J. Golden, pro-

fessional real estate men, to inspect and appraise all the properties owned by the corporation or on which it held mortgages, and to qualify themselves as experts touching their values, no price for the service being agreed on. They visited all the properties, more than a hundred in number, in three Florida counties, and made a careful inspection and appraisement of each, being so engaged for eleven weeks. They made a full record of each piece by photograph, blue prints, and description, with estimates of its elements of value. Before their work was completed, the hearings before the referee were ended. They did not appear as witnesses before him or before the judge, nor was their work in any way used in court. The corporation abandoned its defense and submitted to adjudication. The court appointed its own three appraisers under section 70b of the Bankruptcy Act (11 USCA § 110 (b). Rex and Golden presented to counsel who employed them a bill for services and expenses amounting to $5,444.70, which is testified to be according to the usual charges for such appraisals among real estate men. The counsel as attorney for petitioning creditors brought a petition before the referee to be allowed his fees as attorney and his disbursements for costs and expenses, and that the claim of Rex and Golden be paid from the bankrupt's estate. All allowances except the appraisal charge were acquiesced in. As to it, the referee held: "That although the abstract so prepared and the appraisals or the appraisers' testimony were not presented as evidence, the referee is of opinion that the knowledge of the fact that this work was being prepared and would be adduced in evidence was largely responsible for the act of the alleged bankrupt in withdrawing its defenses and consenting to the order of adjudication. That these expenditures, while not properly allowable under the authority of General Order No. 34 [11 USCA § 53] should be borne by the estate as a reasonable and necessary expense incurred by the petitioning creditors in bringing into the Bankruptcy Court the assets of the alleged bankrupt for the benefit of all unsecured creditors." He reduced the amount to $2,000 and ordered the trustee to pay it. The judge on review sustained this order, and this appeal for supervision was taken by the trustee.

The services of Rex and Golden were not performed under any order of the bankruptcy court, but on employment by or for the petitioning creditors. Regularly the petitioning creditors should have petitioned

for an allowance to them of their counsel fees, expenses, and costs under section 64b, 11 USCA § 104 (b) and General Order No. 34. No point being made of the irregularity in procedure, we pass it by, as was done in somewhat similar circumstances in Randolph v. Scruggs, 190 U. S. 533, 23 S. Ct. 710, 47 L. Ed. 1165.

The services of Rex and Golden consisted in making an appraisement with a view of qualifying themselves to testify as expert witnesses. They were not appraisers appointed by the court under section 70b, and their work was never used as such an appraisement. Compensation cannot be awarded as for an appraisal of the estate. What is due to them by their employer cannot be taxed as costs under section 2 (18) of the act (11 USCA § 11 (18) and General Order No. 34, which latter authorizes payment out of the estate to successful petitioning creditors of "the same costs that are allowed to a party recovering in a suit in equity." The fees of a witness who has never attended court to testify cannot be costs against the opposite party; and if an expert witness attends and testifies, only the fees and mileage fixed by law can be taxed as costs, excluding what may have been agreed to be paid him as an expert. In re Carolina Cooperage Co. (D. C.) 96 F. 604; Cheatham Electric Switching Device Co. v. Transit Development Co. (C. C. A.) 261 F. 792; Davison v. Callaghan (C. C. A.) 72 F.(2d) 255. So also the extra expense of sending a witness to the locus in quo to familiarize him with it is held not allowable as costs. Tuck v. Olds (C. C.) 29 F. 883. Section 64b (1) of the act (11 USCA § 104 (b) (1) authorizes the payment from the estate of "the actual and necessary cost of preserving the estate subsequent to filing the petition," but this has reference to receiverships and quasi receiverships and expenditures for the direct benefit of the estate of the bankrupt, and not to expenses of procuring an adjudication. Section 64b (2), 11 USCA § 104 (b) (2), authorizes payment of "the filing fees paid by creditors in involuntary cases, and, where property of the bankrupt, transferred or concealed by him either before or after the filing of the petition, shall have been recovered for the benefit of the estate of the bankrupt by the efforts and at the expense of one or more creditors, the reasonable expense of such recovery." The expense thus allowed is that incurred in the actual recovery of definite property, and not in the "bringing the fund into court" by a successful effort to adjudicate. Section 64b (3), 11 USCA § 104 (b) (3), directs payment of "the cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee * * * to the petitioning creditors." In these carefully worded allowances to petitioning creditors there is implied an exclusion of other allowances to them. The present Bankruptcy Act plainly endeavors to restrict allowances from the bankrupt estate. In re Realty Associates Securities Corporation (C. C. A.) 69 F.(2d) 40; In re Kinnane Co.'s Estate (C. C. A.) 242 F. 769. Its permissions are not to be stretched. We find nothing to justify the repayment of extraordinary expenditures by petitioning creditors made to obtain effective evidence. Evidence which was never used can hardly be said to have benefited the estate. We find nothing in the record to sustain the supposition of the referee that litigation ceased because of this appraisement or even that the appraisal tended specially to show insolvency. The testimony of the trustee that he estimates that the estate for general creditors will not be more than $30,000, and that many pieces of the property were eaten up with accrued taxes, indicates that insolvency may have become very apparent otherwise. We find in the law no authority to pay for these services which were not authorized by the court, nor adopted by the other creditors, nor availed of by their trustee. The claim as one payable from the estate must be rejected. The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.