## HILL v. SANFORD.

### No. 10465.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1942.

Lawrence S. Camp and Eugene L. Tiller, both of Atlanta, Ga., for appellant.

Harvey H. Tisinger, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

418

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant, serving sentences in the penitentiary, sought release by habeas corpus on the sole ground that the second count of each of two indictments charged no offense against the laws of the United States, so that the court was without authority to sentence him on his pleas of guilty thereto. On a hearing the writ was discharged, and he appeals.

Each indictment charged in its first count that on a named date the accused had transported from a named place in one State into another State a minutely described stolen motor vehicle, knowing it to have been stolen. The second count in each indictment charged that on the same date the accused in the State of destination named in the first count had concealed, sold and disposed of a motor vehicle described in the exact words used in the first count, "which said automobile had theretofore been stolen and transported in interstate commerce" from the same place and to the same place as was set out in the first count. There was no reference in the second count to the first count, but the dates, descriptions and places involved were identical. All four counts were confessed by pleas of guilty. The sentences on the first counts have been served. Those on the second counts are now serving.

It is true that under 18 U.S.C.A. § 408 the stolen motor vehicle concealed, sold or disposed of must be moving as, or be a part of, or constituting interstate commerce at the time it is concealed, or disposed of. If it has come to rest so as no longer to be a part of or to constitute interstate commerce, State law regarding stolen property rather than federal law would be applicable. Davidson v. United States, 8 Cir., 61 F.2d 250; Cox v. United States, 8 Cir., 96 F.2d 41. The allegation that these vehicles had "theretofore" been stolen and transported in interstate commerce is too loose to be good criminal pleading. This court, after much discussion, held that an indictment so loosely worded was demurrable as charging no offense, and reversed a conviction on appeal therefrom. Grimsley v. United States, 5 Cir., 50 F.2d 509. In another Circuit, however, it was thought a technical rather than a substantial error to uphold such an indictment when the truth was plain. United States v. Drexel, 2 Cir., 56 F.2d 588; and the same view was taken on habeas corpus in McNalley v. Hill, 3 Cir., 69 F.2d 38. The present case is a collateral attack on the sentences by habeas corpus, and proprieties of pleading are not the question. We recognize that if the record shows conviction of a charge that is plainly no crime, there ought to be a discharge. But if a valid statute defines a class of crimes, as 18 U.S.C.A. § 408 does, and the indictment plainly seeks to charge the accused under it, and he is convicted or pleads guilty, a failure to state the charge as fully or as certainly as should be ought not to result in a discharge from custody. This we held in Aderhold v. Hugart, 67 F.2d 247. To hold otherwise would be to say that an accused, though really guilty, could by ignoring a substantial defect in the indictment, and going to the penitentiary, obtain a discharge; whereas had he demurred, as he should, he could only have gotten a better indictment.

The appellant here does not deny his actual guilt; he merely says the indictment does not fully state the offense. On demurrer, one count cannot aid the other unless referred to expressly; but on habeas corpus the court is to make such disposition of the prisoner as law and justice may require. 28 U.S.C.A. § 461. One has but to read the first count in each indictment, to which also the appellant pleaded guilty, to see that he confesses that on the very day he is charged with having disposed of the stolen cars, he had transported them in interstate commerce to the place where he disposed of them. There is no room to doubt that they were still a part of interstate commerce. To discharge this appellant from custody because the indictments are vague on the point would not be to dispose of him as justice requires.

Affirmed.