THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. JACK MORGAN, Defendant. In the Matter of JACK MORGAN, Appellant, against THOMAS DOWNS, County Judge of Queens County, Respondent.— Appeal from order dismissing petition of appellant for an order, pursuant to article 78 of the Civil Practice Act, directing vacatur of sentence imposed on petitioner as a second offender and his resentence as a first offender. Order unanimously affirmed. Section 408 of title 18 of the United States Code, known as the Dyer Act, constitutes two offenses as separate felonies, first, the transportation in interstate commerce of a motor vehicle, knowing the same to have been stolen, and second, receiving, concealing, storing, bartering, selling or disposing of a motor vehicle moving in interstate commerce, knowing the same to have been stolen. (*Record* v. *Hudspeth*, 126 F. 2d 215; *Hill* v. *Sanford*, 131 F. 2d 417; *Goodrich* v. *United States*, 146 F. 2d 265.) The conviction of appellant of the second offense was a crime which, if committed within this State, would have been a felony (Penal Law, § 1941) as of the time appellant was sentenced and convicted as a second offender. (Penal Law, § 1308, as amd. by L. 1928,

ch. 354.) The gravamen of the second offense includes the concealing of the stolen automobile, restricted, however, to interstate transportation in order to afford Federal jurisdiction. (*Whitaker* v. *Hitt*, 285 F. 797; *United States* v. *Drexel*, 56 F. 2d 588.) Such concealment of property, independent of value, was a felony in this State. Inasmuch as the facts relating to the prior conviction were sufficiently set forth in the information and appellant admitted his identity, the erroneous characterization of that crime in the information as " Grand Larceny in the First Degree " is immaterial. (*People* v. *Miller*, 143 App. Div. 251, affd. 202 N. Y. 618.) Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ. [See *post*, p. 906.]