**JACKSON v. UNITED STATES.**

No. 10924.

United States Court of Appeals
Sixth Circuit

Feb. 8, 1950.
Rehearing Denied April 18, 1950.

Harry A. Abrams, Cincinnati, Ohio, Wm. F. Hopkins, Cincinnati, Ohio, on the docket, for appellant.

Wm. J. Dammarell, Cincinnati, Ohio, Ray J. O'Donnell, Cincinnati, Ohio, on the brief for appellee.

Before SIMONS, ALLEN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

Appellant was convicted and sentenced under an indictment charging violation of § 416, 18 U.S.C., now 18 U.S.C. § 2315, 18 U.S.C.A. § 2315, which in part reads as follows: "Whoever receives, * * * sells, or disposes of any goods, wares, or merchandise, securities, or money of the value of $5,000 or more * * * moving as, or which are a part of, or which constitute interstate or foreign commerce, knowing the same to have been stolen, unlawfully converted, or taken. * * *

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

Counsel for appellant admitted that on or about February 18, 1946, as charged in the indictment, certain pieces of jewelry were stolen from three separate owners at the Hillsboro Club, Pompano Beach, Florida; that appellant had four of these pieces in his possession in Cincinnati, Ohio, on or about February 28, 1946, and that the value of the pieces was over the jurisdictional amount of $5,000. Appellant, using an assumed name, sold the jewelry in Cincinnati about ten days after the robbery. The uncontradicted testimony shows that he received $3,200 for the four pieces.

By agreement of counsel, the only issue presented to the jury was whether appellant, at the time of possessing and selling the jewels, knew them to have been stolen.

It was shown at the trial that appellant had repeatedly disposed of jewelry to a Cincinnati jeweler, and had used an assumed name in the records of the transactions. Appellant said he received the jewelry in question from a gambler who got it from a gambling house where it had been posted as collateral. He read in evidence a letter to the effect that the jewelry had been won in a card game at Jacksonville, Florida. Appellant had been a bookmaker, and a bootlegger, and had installed pin-ball machines in cafes. He stated that he had used perhaps 50 aliases in his lifetime.

With reference to the transaction in question he testified that one Ed Harris, the gambler from whom appellant claimed to have received the stolen jewelry, asked him to secure an appraisal of the pieces from the jeweler with whom appellant had dealt for a number of years. Harris had previously secured appraisals from the same jeweler and through the appellant, but had refused to meet the jeweler himself on the ground that he "didn't want to go up." Harris figured that since the jeweler knew appellant "he would get a better price, than he would them being strangers to him."

Most of the questions presented in appellant's argument are not before us because they were waived by appellant's counsel at the trial. No written requests called the attention of the court to the charges desired. So far from making objection to any part of the charge in accordance with the provisions of Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., counsel for appellant, when the court stated that the sole question for the jury was whether appellant possessed the jewels with knowledge that they were stolen, said: "That is absolutely correct." When the court asked, "is there anything further from either counsel?" counsel for appellant said, "I have nothing further to add." Under the specific provisions of Rule 30 appellant may not now assign as error any portion of the charge or omission therefrom. This case does not present exceptional circumstances wherein appellate courts in the public interest may of their own motion notice errors to which no exception has been taken. United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555; Schmeller v. United States, 6 Cir., 143 F.2d 544, 550.

Appellant contends, however, that the indictment is defective in that it alleges that the jewelry "had been transported in interstate commerce" instead of that the property was disposed of while moving as, or a part of interstate commerce. In this connection appellant relies upon Davidson v. United States, 8 Cir., 61 F.2d 250, and

Grimsley v. United States, 5 Cir., 50 F.2d 509. Both of these cases involved indictments for violation of the National Motor Vehicle Theft Act, § 408, 18 U.S.C. [now 18 U.S.C.A. §§ 2311–2313]. The Davidson case turned principally upon lack of evidence to prove conspiracy to violate the statute. In the Grimsley case the indictment contained no allegation whatever with reference to the alleged fact that the stolen car was a part of interstate commerce. Closer on the material facts, and more persuasive, are United States v. Drexel, 2 Cir., 56 F.2d 588; McNally v. Hill, 3 Cir., 69 F. 2d 38, affirmed 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. Cf. Hill v. Sanford, 5 Cir., 131 F.2d 417. The Drexel case ruled upon an indictment which contained the identical allegation objected to here, that the stolen car "had theretofore been stolen * * * and transported * * * in interstate commerce." [56 F.2d 589] The court held that a strict construction of the statute would make the indictment defective, but that the defect was one of form rather than of substance, and certainly "did not 'affect the substantial rights of the parties.'" Applying § 391, 28 U.S.C. and § 556, 18 U.S.C., the court disregarded the defect.

In McNally v. Hill, the court held that the fact that the indictment charged that the automobile had been transported in interstate commerce as though transportation had been completed was, at the most, a mere technical defect not fatal to the court's jurisdiction. With reference to the objection also raised here, that the object stolen had come to rest and ceased to be a part of interstate commerce, the court said [69 F.2d 40]: "Looking at the subject matter of the statute, it is certain there comes a time in the transportation of a stolen motor vehicle from one state to another when, reaching its journey's end, the motor vehicle stops and transportation ceases. If, at that moment, it loses its quality of 'moving as' or 'which is a part of,' or 'which constitutes' interstate commerce, then always would it be impossible to enforce the fourth section of the statute against the concealment or sale of a car so described."

 We think the reasoning in the Drexel and Hill cases is sound and square-

ly applicable here. We conclude that the indictment, although ineptly drawn, is not invalid, and is supported by sufficient evidence as to the interstate character of the transaction.

 Upon the question of scienter, which was the only question submitted to the jury, the evidence is sufficient to sustain the conviction. The familiarity and experience of appellant with these transactions, his furtive method of dealing with them, the unwillingness of the gambler to take the goods to the jeweler himself, and the disposal of them by appellant at considerably less than their actual value, are substantial evidence of knowledge on appellant's part that they were stolen goods.

Judgment affirmed.