**HOLLAND v. UNITED STATES.**
No. 14958.

United States Court of Appeals
Fifth Circuit.

May 31, 1954.

Raymond Evan Holland, in propria persona.

James W. Dorsey, U. S. Atty., Atlanta, Ga., J. Robert Sparks, Asst. U. S. Atty., Greenville, Ga., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and WRIGHT, District Judge.

PER CURIAM.

On a record showing that appellant, an inmate of the United States Penitentiary, accused of assault with a dangerous weapon, in violation of Sec. 113(c), Title 18 U.S.C., consented in writing [1] "that the proceeding may be by information instead of by indictment", and also in writing waived assistance of counsel and pleaded guilty [2] to the offense charged, he is here appealing from a denial of Sec. 2255 relief.

Sentenced on December 5, 1952, to serve five years, the term to begin with the expiration of the sentence then being served, he did not appeal from that judgment.

Thereafter, claiming that he was tried for one offense, unlawfully assaulting by striking and wounding another, Sec. 113(d), for which the maximum penalty is six months, and sentenced for another assault with a dangerous weapon, Sec. 113(c), for which the maximum is five years, appellant filed a motion under Sec. 2255, Title 28, to correct and amend the sentence.

The district judge, in an order giving his reasons,[3] denied the motion, and ap-

---

[1]. "Waiver of Indictment    Cr. Form No. 18
"District Court of the United States
For The
Northern District of Georgia
Atlanta Division .
"United States of America
V.
Raymond Evan Holland
"Raymond Evan Holland, the above named defendant, who is accused of
Assault with a dangerous weapon,
Section 113(c), Title 18 U.S.C.A.
being advised of the nature of the charge and of his rights, hereby waives in open court prosecution by indictment and consents the proceeding may be by information instead of by indictment.
"(S.)  Raymond Evan Holland,
"Defendant
"(S )  H. Moses,
"Witness
"Date Nov. 7, 1952."

[2]. "Plea.
"I, Raymond Evan Holland, defendant, having received copy of the within Criminal Information and having been arraigned and having been advised of my constitutional right to the assistance of counsel, and having been offered counsel by the Court, waive the right to the assistance of counsel and now plead guilty to the offense as charged in the Cr.Inf.
"In Open Court this 7th day of Nov., 1952.

"Entered and filed in Open Court
Nov. 7, 1952.
"(S.)  Raymond Evan Holland
"Defendant"

[3]. The order reads as follows:
"On Dec. 5, 1952, movant was sentenced by this Court to five years imprisonment after his plea of guilty to an information charging, in part, that he did 'unlawfully, feloniously and with intent to do bodily harm, make an assault upon one Paul Oliver Sadler, an inmate of said United States Penitentiary, with a piece of metal sharpened in the semblance of a knife, dagger, dirk and scissors, which piece of metal when sharpened as aforesaid was a dangerous weapon. .in violation of Title 18, Sec. 113(c) U.S.C.A.'
"In his motion, made pursuant to the provisions of 28 U.S.C.A., Sec. 2255, movant contends that the sentence is excessive in that the information does not charge an offense under 18 U.S.C.A., Sec. 113(c) but charges only the offense of unlawfully assaulting by striking and wounding another (Sec. 113(d)) and the offense of unlawfully assaulting another, (Sec. 113(e)). Movant places most emphasis on the contention that the information does not charge an assault 'with a dangerous weapon'. He points out that nowhere in the information is it charged that the assault was made 'without just cause or excuse'.

pellant is here urging upon us that the order must be reversed.

We do not think so. Indeed, we think the attack upon the information, coming as it does after judgment entered upon an admission of guilt, is completely frivolous. The judgment appealed from was right. It is affirmed.

"In a collateral attack upon an information the question is not whether the information is vulnerable to direct attack by motion or demurrer, but whether it is so fatally defective as to deprive the court of jurisdiction. The information shows upon its face that it was based upon 18 U.S.C.A., Sec. 113(c). It clearly seeks to charge an assault with a deadly weapon. While this information does not allege the absence of excuse for the attack, it does expressly allege that the attack was unlawfully made. No exceptional circumstances are alleged which would justify a collateral attack upon the information. See Hill v. Sanford, 5 Cir., 131 F.2d 417, certiorari denied 318 U.S. 774, 63 S.Ct. 771, 87 L.Ed. 1143; Barnes v. United States, 8 Cir., 197 F.2d 271.

"The motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. For the reasons set forth above the motion is denied.

"This the 6th day of January, 1954.

"(S.) Frank A. Hooper

"United States District Judge"